## COFFIN v. REICHARD.

### No. 9933.

Circuit Court of Appeals, Sixth Circuit.

April 10, 1945.

Writ of Certiorari Denied June 18, 1945.

See 65 S.Ct. 1568.

Lyman Glover Coffin, of Lexington, Ky., in pro. per.

Claude P. Stephens, of Lexington, Ky. (Ben L. Kessinger, of Lexington, Ky., on the brief), for appellee.

Before ALLEN, HAMILTON and McALLISTER, Circuit Judges.

ALLEN, Circuit Judge.

This is an appeal from an order of the District Court denying a writ of habeas corpus. The case has previously been before this court in a proceeding in which we directed that the appellant's petition for writ of habeas corpus, although very informally framed, be filed; that counsel be appointed to represent appellant, and that a show cause order be issued directed to the appellee, the medical officer in charge of United States Public Health Service Hospital at Lexington, Kentucky. Coffin v. Reichard, 6 Cir., 143 F.2d 443. A practicing attorney of the Lexington bar was appointed to represent appellant, and the matter was heard by the District Court upon oral testimony, including that of appellant, and certified court records and affidavits. Several witnesses testified on behalf of both appellant and appellee. The matter was given a full hearing, the appellant being granted additional time for securing affidavits. Upon submission, the court found that the application for writ of habeas corpus was without merit, and dismissed the petition.

Appellant was indicted February 27, 1942, in the United States District Court for the Western District of Missouri, Western Division, charged with violation of § 3793 of Title 26, U.S.C., 26 U.S.C.A. Int.Rev.Code, § 3793, by forging the name of Dr. George L. Ivey to a prescription for

---

morphine sulphate.[1] He was represented by counsel, and on March 11, 1942, pleaded guilty to the indictment and was sentenced to serve five years in the penitentiary. The sentence was suspended and the appellant placed on probation on condition that he enter a United States Public Health Service Hospital and remain until he was cured of the narcotic habit. May 10, 1943, the probation was revoked and the suspension of sentence set aside, and appellant was ordered to serve the original sentence in an institution designated by the Attorney General of the United States.

Appellant's principal contentions are that at the time he pleaded guilty he was physically ill and mentally incapable of discussing intelligently with his attorney as to his defense or the nature of the plea that he should enter; that a confession was obtained from him while he was incommunicado; and also that while confined in the hospital at Lexington in the custody of the appellee he has been subjected to bodily harm, cruelty and injury by guards of the institution and his co-inmates, and that he therefore is entitled to the issuance of the peremptory writ. We do not discuss the question of the confession since it was not used against the appellant. As appellant pleaded guilty, he admitted in open court doing the acts charged.

On the question whether the appellant was incapable of understanding the meaning of his plea of guilty, the District Court found that he was physically and mentally competent to know and understand the nature of his case at the time of arraignment, at the time of entering his plea, and at the time of revocation of his probation on May 10, 1943. At the time appellant pleaded guilty he was represented by reputable counsel, who the Assistant United States Attorney states in an affidavit was a friend of appellant and his family. Upon the occasion of the hearing upon motion for revocation of the order of probation upon the ground that appellant had continued the use of narcotic drugs and was sentenced to serve a jail sentence therefor, appellant's attorney was not present in the courtroom. The District Court inquired whether appellant wished the hearing postponed, but he insisted that he did not desire further service of counsel, and a lengthy hearing was held. The court's finding as to appellant's mental and physical competency is supported by affidavit of both the Assistant United States Attorney in charge of the criminal prosecution before the trial court, and of the trial judge in the same case. They set forth in detail the facts as to appellant's physical condition and attitude both at the hearing on the indictment and on the revocation of probation. Both the trial judge and the Assistant United States Attorney concluded that appellant exhibited neither physical suffering nor mental confusion in 1942, when he pleaded guilty to the indictment, nor in 1943, when the probation was revoked. The Assistant United States Attorney states that on both occasions the appellant made a coherent and effective statement to the court, and that on the occasion of the revocation of probation in May, 1943, he walked into the courtroom without aid and without complaint of any physical ailment. The trial judge declared that on all occasions when the appellant was in court he appeared in good physical condition and mentally alert.

As to the complaint of physical indignities to which appellant claimed he was subjected in the hospital, the District Court found that appellant failed to show by a preponderance of the evidence that the treatment he received in the hospital at Lexington was of a cruel and inhuman character. This finding is strongly supported by the record. Two physicians who treated the appellant repeatedly during this period of over a year, one of them seeing him either daily or every other day, testified that no complaint was made by him that he had been beaten or abused by one of the guards. The guard who was accused of having ill-treated the appellant is still employed at the hospital, having served there over nine years, and testified in person. Appellant concedes that he refused to take certain treatment ordered for a finger which had been cared for at the hospital, and he states that the guard, in forcing him to go to the doctor, choked and physically abused him. An eyewitness, a fellow-inmate, stated that while the guard forcibly compelled appellant to take the treatment, he did not kick appellant, and was not abusive. The guard himself de-

---

[1] Certain of the court records speak of the indictment as charging violation of Title 18, § 72. This is an error. The indictment plainly is framed under Title 26, § 3793.

nied any ill treatment, although he stated that he handed appellant over to the guards in order that he might be taken to the doctor's office.

The hospital records, which were produced at the hearing, show that the appellant is a psychopathic personality with paranoid tendencies. This fact is rightly taken into consideration in appraising his testimony.

The order of the District Court dismissing the petition for writ of habeas corpus is affirmed.