295 F.2d 132
 James C. WHITE, Appellant
v.
Donald L. CLEMMER, Director, District of Columbia Department of Corrections, et al., Appellees.
James H. CHILDS, Appellant
v.
Donald L. CLEMMER, Director, District of Columbia Department of Corrections, et al., Appellees.
 No. 16143.
 No. 16144.
 United States Court of Appeals District of Columbia Circuit.
 Submitted April 26, 1961.
 Decided June 1, 1961.
 Petition for Rehearing En Banc Denied August 8, 1961.
 
 Appellants filed a brief pro se, and their cases were treated as submitted thereon.
 Mr. Ted D. Kuemmerling, Asst. Corporation Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, were on the brief, submitted on the brief, for appellees.
 Before Mr. Justice BURTON, retired,* and DANAHER and BASTIAN, Circuit Judges.
 DANAHER, Circuit Judge.
 
 
 1
 Appellants separately sought to "mandamus" appellee Clemmer who is Director of the District of Columbia Department of Corrections. Named additionally were the appellees Pegelow and Knupp, Superintendent and Assistant Superintendent, respectively, of the Lorton Reformatory maintained at Lorton, Virginia, by the District of Columbia. Not named as parties were the Commissioners or any of them. The complaints were consolidated, and after consideration of appellees' motion to dismiss, both were dismissed without prejudice by the District Judge. His memorandum opinion pointed out that the appellants had failed to exhaust their administrative remedies and to join necessary parties. Appellants without having taken the steps implicitly suggested in the memorandum of the District Judge, have brought this appeal here. We are of the view for the reasons to be stated that the order must be affirmed.
 
 
 2
 D.C.Code § 24-442 (1951) provides that the Department of Corrections shall be conducted under the general direction and supervision of the Commissioners of the District of Columbia who "shall have charge of the management and regulation" of the Reformatory at Lorton, and "be responsible for the safekeeping, care, protection, instruction, and discipline of all persons committed" to the Reformatory at Lorton.[1]
 
 
 3
 Appellants have not contested the legality of their detention. Rather, it is clear, they complain in conclusionary fashion of various aspects of prison administration largely having to do with the granting or withdrawal of certain claimed privileges, a not unusual concomitant of their status. Cf. Price v. Johnston, 1948, 334 U.S. 266, 285, 68 S.Ct. 1049, 92 L.Ed. 1356. They have asked the court to act in a field which has been committed to the discretion of the Commissioners.[2]
 
 
 4
 We deem it clear that a remedy in the nature of mandamus is not available. The principles which should govern were summarized by this court in Hammond v. Hull, 1942, 76 U.S.App.D.C. 301, 303, 131 F.2d 23, 25, certiorari denied 1943, 318 U.S. 777, 63 S.Ct. 830, 87 L.Ed. 1145, as follows:
 
 
 5
 "(1) The writ should be used only when the duty of the officer to act is clearly established and plainly defined and the obligation to act is peremptory. (2) The presumption of validity attends official action, and the burden of proof to the contrary is upon one who challenges the action. (3) Courts have no general supervisory powers over the executive branches or over their officers, which may be invoked by writ of mandamus. Interference of the courts with the performance of the ordinary duties of the executive departments of the government would be productive of nothing but mischief. (4) When the performance of official duty requires an interpretation of the law which governs that performance, the interpretation placed by the officer upon the law will not be interfered with, certainly, unless it is clearly wrong and the official action arbitrary and capricious. (5) For it is only in clear cases of illegality of action that courts will intervene to displace the judgments of administrative officers or bodies. (6) Generally speaking, when an administrative remedy is available it must first be exhausted before judicial relief can be obtained, by writ of mandamus or otherwise."
 
 
 6
 Consideration of the allegations of record in light of the foregoing demonstrates that appellants have failed to state a cause of action for which relief may be afforded. Cf. Prince v. Klune, 1945, 80 U.S.App.D.C. 31, 148 F.2d 18.
 
 
 7
 Affirmed.
 
 
 
 Notes:
 
 
 *
 Sitting by designation pursuant to 28 U.S.C. § 294(a)
 
 
 [1]
 Reorganization Order No. 34-Department of Corrections by D.C.Code, Title 1, Supp. VIII 1960, page 50, retains the principle that the Department of Corrections is established "under the direction and control of a Commissioner." See Parts I and II. Moreover, by their Policy Order, dated November 25, 1953, the Commissioners have provided that any person at Lorton who has been aggrieved may "within ten days, file with the Secretary of the Board of Commissioners a written statement of the alleged violation setting forth specifically and in detail the facts of the matter. The Commissioners will thereafter cause an investigation to be made and, in the event that the complaint is justified, will take appropriate action."
 
 
 [2]
 Cf. Sanders v. Allen, 1938, 69 App.D.C. 307, 309, 100 F.2d 717, 719
 
 
 Memorandum
 
 8
 Filed Aug. 8, 1961.
 
 
 9
 PER CURIAM.
 
 
 10
 The sitting division, sua sponte, desires to dispel a misapprehension which has appeared in memoranda filed in connection with appellants' petition for rehearing en banc. This court did not hold that the District Commissioners are, or should have been joined as, necessary parties. We merely noted that the District Judge had indicated otherwise as one of the grounds for his ruling dismissing the complaint. We held only that the allegations failed to state a cause of action for which relief might be afforded when tested by the principles set forth in Hammond v. Hull, 1942, 76 U.S.App.D.C. 301, 303, 131 F.2d 23, 25, certiorari denied 1943, 318 U.S. 777, 63 S.Ct. 830, 87 L.Ed. 1145.
 
 
 11
 Expanding our footnote reference to the Policy Order issued by the District Commissioners under date of November 25, 1953, we call more particular attention to that portion applicable to the Department of Corrections, reading:
 
 "III. Nondiscrimination in use of facilities and services.
 
 12
 "(a) Policy. Every official and employee under the supervision of the District Commissioners in any department, agency, or instrumentality, or any of its constituent units subject to this order shall act without regard to race, religion, color, ancestry, or national origin in all matters relating to the use and enjoyment of, or assignment or entitlement to, any public facility, accommodation, service, or treatment subject to his control, authority, or supervision unless specifically required by statute to do otherwise.
 
 
 
 cc
 "(b) Exceptions and instructions on specific matters.
 
 
 
 13
 * * * * *
 
 
 14
 "(4) The Jail Division of the Department of Corrections and the three institutions of that Department located at the District Reservation near Lorton and Occoquan, Virginia, shall expand their present partial integration to provide for complete integration in all matters, including assignments of inmates to cells or dormitories and eating facilities, with the objective that complete integration will be achieved within the shortest possible time consistent with sound administrative and penological practice and the public interest.
 
 
 15
 "(c) Complaints of violation. Any person who has been aggrieved because the policy of this section has not been adhered to may, within ten days, file with the Secretary of the Board of Commissioners a written statement of the alleged violation setting forth specifically and in detail the facts of the matter. The Commissioners will thereafter cause an investigation to be made and, in the event that the complaint is justified, will take appropriate action." (Emphasis added.)
 
 
 16
 We deem it clear that the Director of the Department of Corrections and officials at Lorton are subject to the foregoing Policy Order. It may be that administrative remedies are still open to these appellants.