William T. X. FULWOOD, Appellant,

v.

Donald CLEMMER, Director, District of Columbia Department of Corrections, Appellee.

No. 16056.

United States Court of Appeals District of Columbia Circuit.

Argued March 15, 1961.

Decided Aug. 14, 1961.

Mr. Theodore J. St. Antoine, Washington, D. C. (appointed by this court), for appellant.

Mr. Ted D. Kuemmerling, Asst. Corp. Counsel for District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.

Before EDGERTON, DANAHER and BASTIAN, Circuit Judges.

DANAHER, Circuit Judge.

■ Purporting to seek relief in the nature of mandamus, appellant sought to file in the District Court a petition in forma pauperis, supported by an appropriate affidavit of poverty.[1] No answer or other pleading was filed by, and no appearance was entered for, the appellee.[2] Leave to file without prepayment of costs was denied[3] by the District Judge. Shortly thereafter the court granted a petition for leave to appeal in forma pauperis. No reasons were set forth for either ruling.

■ In White v. Clemmer, 111 U.S. App.D.C. ——, 295 F.2d 132, we pointed out that a remedy in the nature of mandamus is not available in the absence of specific allegations sufficient to bring the claim within the controlling conditions upon which relief may be available. Compliance with the principles there outlined is of special importance if the courts are to be asked to review the conduct of officials charged with the administration of the Lorton Reformatory.

■ Here, however, the appellant alleged he had filed a petition with the late Commissioner Karrick complaining that he had been subjected to cruel and unusual punishment, and because of doing so, had been placed in solitary confinement. Clearly, the appellant was to be permitted to file such a petition.[4]

1. The District Court should have permitted the petition to be filed. Martin v. United States, 10 Cir., 1960, 273 F.2d 775, 778, certiorari denied 1961, 365 U.S. 853, 81 S.Ct. 818, 5 L.Ed.2d 816; United States ex rel. Morris v. Radio Station WENR, 7 Cir., 1953, 209 F.2d 105, 107; accord, Higgins v. Steele, 8 Cir., 1952, 195 F.2d 366, 369; cf. Smith v. Bennett, 1961, 365 U.S. 708, 81 S.Ct. 895, 6 L. Ed.2d 39.

2. Service was certified as follows:
"I hereby certify that I have mailed a copy of the foregoing to the United States District Attorney office in the District of Columbia to the District Court, Washington, D. C.
"William T. X. Fulwood
"Petitioner pro se."

3. Denial by a District Judge of a motion to proceed in forma pauperis is an appealable order. Roberts v. United States District Court, 1950, 339 U.S. 844, 845, 70 S.Ct. 954, 94 L.Ed. 1326; United States ex rel. Morris v. Radio Station WENR, supra, 209 F.2d at page 106; accord, Ex parte Quirin, 1942, 317 U.S. 1, 24, 63 S.Ct. 1, 2, 87 L.Ed. 3; Martin v. United States, supra.

4. Reorganization Order No. 34—Department of Corrections by D.C.Code, Title 1, Supp. VIII 1960, page 50, retains the principle that the Department of Corrections is established "under the direction and control of a Commissioner." See Parts I and II. Moreover, by their Policy Order, dated November 25, 1953, the Commissioners have provided that any person at Lorton who has been aggrieved may "within ten days, file with the Secretary of the Board of Commissioners a written statement of the alleged violation setting forth specifically and in detail the facts of the matter. The Commissioners will thereafter cause an investigation to be made and, in the event that the complaint is justified, will take appropriate action."

It is possible that appellant may exhibit a basis for relief if the treatment complained of stemmed only from his seeking to avail himself of the remedies already provided. Cf. Coffin v. Reichard, 6 Cir., 1944, 143 F.2d 443, 155 A.L.R. 143. Compare United States ex rel. Accardi v.

Moreover, he alleged that because he wrote a letter of protest to the Director, appellee herein, prison officials immediately began persecuting him and placed him in solitary confinement on a false charge of lying about the officers and officials. Thereafter he was placed on "special treatment" where a prisoner "gets cold food and very little recreation" and no medical treatment if the officials inform the doctor "they are against him for any reason."

Appellant's action by itself in seeking administrative relief through the Director and the District Commissioner surely may not properly predicate the solitary confinement and other punitive treatment of which the prisoner complains. If his punishment could be shown to be attributable to that action, appellant is entitled to an order so fashioned as to provide adequate relief.[5]

It is our view that the District Court erred in denying leave to file the petition. Though inartfully prepared by a nearly illiterate prisoner, unaided by counsel, we have noted in the petition two important facets which distinguish appellant's claim from certain others [6] which have come to our notice. The allegations we have discussed stand wholly uncontroverted on this record.

Accordingly, the case will be remanded to the District Court with directions: (1) that appellant's petition be filed with leave to be granted to amend within a reasonable time in such respects as will exhibit the basis for appellant's claim; (2) that counsel be appointed to assist the appellant; and (3) that such hearing be afforded as may be required in view of such pleadings as may be filed.

Reversed.

EDGERTON, Circuit Judge (concurring in the result).

Appellant is a nearly illiterate prisoner in the District of Columbia jail. His ineptly drawn petition *pro se* alleges that because his religion is "islam" and because of an application he made to a District of Columbia Commissioner, he was kept in solitary confinement for a time and has since been denied hot food and necessary medication. I think this charge of religious persecution is sufficiently definite without amendment. In order that "unlettered prisoners without friends or funds" may be protected, "legalistic requirements in examining applications" should be disregarded. Darr v. Burford, 339 U.S. 200, 203, 70 S.Ct. 587, 94 L.Ed. 761.

Shaughnessy, 1954, 347 U.S. 260, 74 S. Ct. 499, 98 L.Ed. 681. See also Service v. Dulles, 1957, 354 U.S. 363, 388, 77 S.Ct. 1152, 1 L.Ed.2d 1403.

5. Certainly the label he has given his pleading will not control if he shows he is entitled to relief. Cf. United States v. Morgan, 1954, 346 U.S. 502, 505, 74 S.Ct. 247, 98 L.Ed. 248; Moon v. United States, 1959, 106 U.S.App.D.C. 301, 302, 272 F.2d 530, 531; Thomas v. United States, 1959, 106 U.S.App.D.C. 234, 237, 271 F.2d 500, 503.

He also alleged that the treatment above described and the refusal of needed medical attention became his lot because of his religion "which is islam." (Sic.) What that religion may be or what its practices, has not been alleged. The complaint is vague and conclusory only and quite devoid of indication of such connection between the treatment and his religious practices or the denial thereof as may predicate relief. White

v. Clemmer, supra; cf. Riley v. Titus, 89 U.S.App.D.C. 79, 80, 190 F.2d 653, 654, certiorari denied 1951, 342 U.S. 855, 72 S.Ct. 82, 96 L.Ed. 644. For all we are shown, appellant's practices are in contravention both of law and of prison administration regulations.

6. Contrary to appellee's argument on brief, we did not in White v. Clemmer, supra, hold that the action must be dismissed for failure to join the Commissioners as parties. We noted that the District Judge had so ruled, but we did not pass upon that ground. We said only "for the reasons to be stated" the order must be affirmed. We held that the appellants had failed to state a cause of action for which relief might be afforded. Cf. Wilson v. Schnettler, 1961, 365 U.S. 381, 383, 384, 81 S.Ct. 632, 5 L.Ed.2d 620. And see the supplemental "Per Curiam" in White v. Clemmer, 111 U.S.App.D.C. ——, 295 F.2d 132, August 8, 1961.

An indigent must be allowed to proceed in forma pauperis unless the issues he raises are "plainly frivolous". No "preliminary showing of any particular degree of merit" is required. Ellis v. United States, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060. Ellis was a criminal case and directly determined only the right to appeal, not the right to file a petition in the District Court. But 28 U.S.C. § 1915, which the Supreme Court cited, is not restricted to criminal cases or to appeals but applies to "any suit, action or proceeding, civil or criminal, or appeal therein * * *." It may be that the Ellis principle does not extend to the filing of complaints in all sorts of civil suits, but a recent decision of the Supreme Court leaves little room for doubt that it applies to the filing of the present petition for relief.

Smith v. Bennett, decided April 17, 1961, holds that "to interpose any financial consideration between an indigent prisoner of the State and his exercise of a state right to sue for his liberty is to deny that prisoner the equal protection of the laws" and that an indigent must therefore be allowed to file without fee a petition, which a non-indigent might file, for a writ of habeas corpus. 365 U.S. 708, 709, 81 S.Ct. 895, 6 L.Ed.2d 39. Though the equal protection clause of the Constitution applies in terms only to the states, "it would be unthinkable that the same Constitution would impose a lesser duty on the Federal Government." Bolling v. Sharpe, 347 U.S. 497, 500, 74 S.Ct. 693, 98 L.Ed. 884. It may follow that a federal court's refusal to file the non-frivolous petition of an indigent in circumstances in which a non-indigent might file would deny a constitutional right. But we need not reach any constitutional question, because 28 U.S.C. § 1915 covers the case.[1]

Appellant's petition does not speak in terms of habeas corpus but of mandamus, which was "abolished" by F.R.Civ.P. Rule 81(b), 28 U.S.C. But "The availability of a procedure to regain liberty lost through criminal process cannot be made contingent upon a choice of labels." Smith v. Bennett, supra, 365 U.S. at page 712, 81 S.Ct. at page 897, 6 L.Ed.2d 39. Although the decision in that case does "not necessarily" apply to "all habeas corpus or other actions involving civil rights", it does apply to "those involving indigent convicted prisoners". 365 U.S. at page 713, 81 S.Ct. at page 898, 6 L.Ed. 2d 39.

In holding that a man committed to a mental hospital may use habeas corpus to test his complaint that he is kept in a part of the hospital where he is assaulted by psychotic inmates, we said: *"Mandamus* or injunction might also lie * *."* Miller v. Overholser, 92 U.S.App.D.C. 110, 116, 206 F.2d 415, 421.[2] We cited a Sixth Circuit decision that "A prisoner is entitled to the writ of habeas corpus when, though lawfully in custody, he is deprived of some right to which he is lawfully entitled even in his confinement, the deprivation of which serves to make his imprisonment more burdensome than the law allows or curtails his liberty to a greater extent than the law permits. * * * The judge is not limited to a simple remand or discharge of the prisoner, but he may remand with directions that the prisoner's retained civil rights be respected." Coffin v. Reichard, 6 Cir., 1944, 143 F.2d 443, 445, 155 A.L.R. 143.[3]

---

1. 28 U.S.C. § 1915(d) provides that the court may dismiss an indigent's case "if satisfied that the action is frivolous * * *." This seems to imply that even a frivolous petition in forma pauperis may be *filed* so that there may be orderly procedure and a proper record on appeal. But that question does not arise in this case.

2. We said "Except in circumstances so extreme as to transgress constitutional prohibitions, the courts will not interfere with discipline or treatment in a place of legal confinement * * *." 92 U.S. App.D.C. at page 115, 206 F.2d at page 420.

3. See also 6 Cir., 148 F.2d 278, certiorari denied 325 U.S. 887, 65 S.Ct. 1568, 89 L.Ed. 2001.

The Sixth Circuit Court of Appeals directed the District Court not only to file the prisoner's petition but also to appoint counsel for him.

"It is beyond dispute that certain rights and privileges of citizenship are withdrawn from prisoners, but it has never been held that upon entering a prison one is entirely bereft of all of his civil rights and forfeits every protection of the law." Sewell v. Pegelow, 4 Cir., 1961, 291 F.2d 196. The Supreme Court has declared that a state prison regulation requiring a prisoner's legal documents to be approved by officials before they are forwarded is invalid. Ex parte Hull, 312 U.S. 546, 549, 61 S.Ct. 640, 85 L.Ed. 1034. A prisoner is denied equal protection of the laws if officials prevent him from taking a timely appeal. Cochran v. State of Kansas, 316 U.S. 255, 62 S.Ct. 1068, 86 L.Ed. 1453; Dowd v. United States ex rel. Cook, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215. This court has recognized by way of dictum that "The Attorney General and other officers in the line of authority over penal institutions do not have the power arbitrarily to deny a prisoner communication with the outside world * * *." Dayton v. McGranery, 92 U.S.App.D.C. 24, 25, 201 F.2d 711, 712. A district court has held that the right of access to courts is infringed by prison regulations which restrict use of law books, severely limit law study, and suppress documents addressed to courts. Bailleaux v. Holmes, D.C.D.Or., 177 F.Supp. 361. A prisoner's allegations of beating and torture have been held to state a claim under the Civil Rights Acts. Gordon v. Garrson, D.C. E.D.Ill., 77 F.Supp. 477; Siegel v. Ragan, D.C.N.D.Ill., 88 F.Supp. 996. Cf. Coleman v. Johnston, 7 Cir., 247 F.2d 273. The Court of Appeals of the Fourth Circuit has recently held that a prisoner's allegations of religious persecution state such a claim. Sewell v. Pegelow, supra. Cases denying prisoners the relief they sought have sometimes recognized that in extreme cases it should be granted. United States ex rel. Yaris v. Shaughnessy, D.C.S.D.N.Y., 112 F.Supp. 143; Nichols v. McGee, D.C.N.D.Cal., 169 F. Supp. 721, appeal dismissed 361 U.S. 6, 80 S.Ct. 90, 4 L.Ed.2d 52; Tabor v. Hardwick, 5 Cir., 224 F.2d 526.

Any showing that appellant was guilty of conduct that might justify as discipline the treatment he says he received, and that he was disciplined for that reason only, would probably defeat his charge of religious persecution. But his petition, like the more detailed complaint in Sewell v. Pegelow, supra, alleges deprivations and hardships inflicted not for infraction of any rule but solely because of his religion. The petition, unanswered because he was not allowed to file it, says his "prison record" is "spotless".

Appellee contends that his superior officers, the Commissioners of the District of Columbia, must be joined as defendants. But a Postmaster General who has issued a fraud order need not be joined as a defendant in a suit to enjoin a local postmaster from carrying out the order. The Supreme Court laid down the rule that "the superior officer is an indispensable party if the decree granting the relief sought will require him to take action, either by exercising directly a power lodged in him or by having a subordinate exercise it for him." Williams v. Fanning, 332 U.S. 490, 493, 68 S.Ct. 188, 92 L.Ed. 95. Because the relief sought in that case would not require the Postmaster General to take any action, his presence was not indispensable. The relief sought in this case would not require the District Commissioners to take any action, and therefore their presence is not indispensable. The Director of the Department of Corrections, although "under the direction and control of a Commissioner", has "full authority over such Department and all personnel assigned thereto". Reorganization Order No. 34— Department of Corrections, D.C.Code, Supp. VIII, 1960, p. 50.

The Corporation Counsel devoted a page of his brief to attributing certain views to "Black Muslims". This irrelevant and prejudicial matter is not in the record and should not be in the brief.

The record says nothing about "Black Muslims" or color. It says nothing about appellant's views or associations except that his religion is "islam".