Arthur William ROHRER, Petitioner,

v.

The STATE OF MONTANA and Edward C. Ellsworth, Jr., Warden, Montana State Prison, Respondents.

No. 1203.

United States District Court
D. Montana,
Butte Division.

Nov. 25, 1964.

Supplemental Opinion Jan. 11, 1965.

Lee A. Jordan, Missoula, Mont., for petitioner.

Forrest Anderson, Atty. Gen., of Montana, Helena, Mont., for respondents.

MURRAY, Chief Judge.

Petitioner, confined to Montana State Prison pursuant to conviction on his plea of guilty in the District Court of the Twelfth Judicial District of the State of Montana, in and for the County of Hill, on a charge of an infamous crime against nature, seeks leave to file in this court, in forma pauperis, a petition for writ of habeas corpus, and he also seeks the appointment of counsel. Leave to file said petition without pre-payment of costs is granted.

The handwritten petition is long and rambling, contains citations of cases that may or may not be relevant and also has attached to it handwritten copies of orders made by the State District Court, a prior petition to the Montana Supreme Court and the opinion of the Montana Supreme Court. Reproducing copies of the handwritten petition for service on the interested parties is not only impracticable but unnecessary.

Among the allegations of the petition are the following:

"Your petitioner shows that he was apprehended upon date of February 11th 1960. Placed in the County jail of Hill County in the City of Havre, Montana. There was no warrent of arrest served upon this Petitioner untill February 13th 1960. then Petitioner was held and not taken before a proper authority for legal process for commitment untill 4 days later upon date of February 15, 1960. When bond was set at $10,000 dollars. Your Petitioner alleges that he was over wellemed and threatened by the authoritys untill a plea of guilty was obtained. Without counsel or attorny or friend and was finly taken to district court where he was rushed through in hostile fashion in a so called araigment without any protection whatsoever. And where, still ignorant of the searisness of consequences of a gilty plea and with no full and complete explation of his legal rights. Your Petitioner was sentenced upon his plea of guilty to a Sentence of 25 years in Montana State Prison upon date of February 19, 1960.

\* \* \* \* \* \*

"This Petitioner alleges that he was compelled to incriminate himself while incompetent for arraigment and with out councel by being over wellemed by statements and threats made by officials and confindment untill he, the Petitioner had not the will to remain silent.

\* \* \* \* \* \*

"This Petitioner alleges unlawfull comitment and detention with out proper service of warrent for arrest, because of being apprehended and held without bond. No prelemnary hearing or services of a proper warrent for arrest for a period of about 2 days. Apprehended February 11th, 1960, and warrent served upon date of February 13th 1960.

"This Petitioner was not permitted to contact anyone for help before araigment on date of February 19th 1960. then the records show a minute entry that he the defendant waived councel. Your petitioner alleges that he was and still is incompetent to appear in any court without aid of an attorny. Petitioner has had little schooling and no prior experience in court. And was completly over wellemed by all that had happened. So mutch so that an effective appointment of adquete councel should have been done as a matter of course by trial court. This Petitioner shows an appended order will bear wittness that an appeal was tried for—as well as appointment of councel in both courts."

It further appears from the petition that petitioner sought leave in 1964 in the District Court of Hill County to withdraw his plea of guilty upon the foregoing grounds, which was denied by order of June 10, 1964. The petitioner then sought leave in the Montana Supreme Court to withdraw his plea of guilty, which leave was denied in a per curiam opinion by the Montana Supreme Court, dated August 4, 1964. Petition of Arthur William Rohrer, Mont., 394 P.2d 252.

■ In order that unlettered prisoners without friends or funds may be protected, legalistic requirements in examining applications should be disregarded. Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761, Fulwood v. Clemmer, 111 U.S.App.D.C. 184, 295 F. 2d 171. Applying this principle, it seems that the above quoted allegations of the petition are sufficient to charge petitioner's plea of guilty was coerced and not freely self-determined, which, if proved, would be a violation of petitioner's right to due process of law under the Fourteenth Amendment. Machibroda v. United States, 368 U.S. 487, 493, 82 S. Ct. 510, 7 L.Ed.2d 473, Rogers v. Richmond, 365 U.S. 534, 544, 81 S.Ct. 735, 5 L.Ed.2d 760. The above quoted allegations of the petition, construed liberally, are also sufficient to charge that the petitioner was not competent to waive counsel and did not intelligently and understandingly waive counsel, which, if proved, would be a denial of his right to counsel under the Sixth and Fourteenth Amendments to the Constitution of the United States. See Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 8 L.Ed.2d 70.

■ It further appears that petitioner has exhausted his state court remedies as required by 28 U.S.C. § 2254, and that there are no further state court remedies available to petitioner at the present time, and under Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, petitioner is now entitled to come to this court for vindication of his federal constitutional rights and that this court has jurisdiction of the petition under the provisions of 28 U.S.C. § 2241.

■ In circumstances such as this, where a state prisoner alleges violations of his federal constitutional rights, the cases of Fay v. Noia, supra, Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770 and Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, make it clear that this court must grant a hearing on the claimed violations unless this court is satisfied that the state court has "after a full hearing reliably found the relevant facts" against the petitioner's contention. If the state court has, after a hearing, reliably found the relevant facts against the petitioner's contention, this court would be entitled to deny petitioner relief on the basis of the state court determination. See Jones v. State of Montana, 232 F.Supp. 771, D.C. Mont.1964.

■ From the record, the court cannot say that the state courts of Montana have, after hearing, reliably found the relevant facts against petitioner's allegations that he was denied his federal constitutional rights in the respects above mentioned. It does not appear that petitioner was granted a hearing in either the State District Court or the State Supreme Court. The State District Court, in denying petitioner's petition to withdraw his plea of guilty, stated: "The court finds that the defendant was of an apparent sound mind, duly informed of his legal rights to counsel, knowingly waived such rights at the time of his arraignment." The State Supreme Court affirmed the denial on the same basis. The finding of the State Courts that the petitioner was of sound mind and knowingly waived his right to counsel at the time of his arraignment, was apparently made upon the basis of the files and records and minutes in the case. The impossibility of determining these factual issues from the files, records and minutes is illustrated by the following language of the Supreme Court in Sanders v. United States, supra, 373 U.S. at page 19, 83 S.Ct. at page 1079:

"However regular the proceedings at which he signed a waiver of indictment, declined assistance of counsel, and pleaded guilty might appear from the transcript, it still might be the case that petitioner did not make an intelligent and understanding waiver of his constitutional rights. (Cases cited) For the facts on which petitioner's claim in his second application is predicated are outside the record. This is so even though the judge who passed on the two motions was the same judge who presided at the hearing at which petitioner made the waivers, and the later hearing at which he was sentenced. Whether or not petitioner was under the influence of narcotics would not necessarily have been apparent to the trial judge. Petitioner appeared before him without counsel and but briefly. That the judge may

have thought that he acted with intelligence and understanding in responding to the judge's inquiries cannot 'conclusively show,' as the statute requires, that there is no merit in his present claim."

It, therefore, appears that a writ of habeas corpus must issue in this case and that a hearing be held on the following issues:

1. Whether petitioner's plea of guilty in the State Court was freely and voluntarily made with the understanding of the consequences of such plea, or was it the product of coercion and duress, and

2. Whether petitioner, at the time of his arraignment in the State Court, was competent to understandingly and voluntarily waive his right to counsel and plead guilty.

Now, therefore, it is ordered and this does order that the Clerk of this court forthwith issue a Writ of Habeas Corpus directed to Edward C. Ellsworth, Jr., Warden of the Montana State Prison, requiring the production of petitioner Arthur William Rohrer before the court on the 10th day of December, 1964, at the hour of 10:00 o'clock A.M. in the courtroom of the United States District Court in the Post Office building, at Missoula, Montana, for hearing on the issues above set forth.

It is further ordered that Mr. Lee A. Jordan of Missoula, Montana, be and he hereby is appointed as counsel for petitioner to represent him at said hearing.

It is further ordered that a return to the writ may be filed by respondents on or before the 7th day of December, 1964.

It is further ordered and this does order that the Writ of Habeas Corpus, together with a copy of this opinion and order, be forthwith served upon Edward C. Ellsworth, Jr., Warden of the Montana State Prison by the United States Marshal and that copies of the Writ and this opinion and order be served upon the following: The Attorney General of the State of Montana and Mr. Lee A. Jordan, Attorney at Law, Missoula, Montana, and petitioner Arthur William Rohrer.

## SUPPLEMENTAL OPINION

By order dated November 25, 1964, this court granted the above named petitioner leave to file in forma pauperis a petition for Writ of Habeas Corpus, seeking to obtain his release from the Montana State Prison where he is confined pursuant to a judgment of conviction on a plea of guilty to the charge of an infamous crime against nature, in the District Court of the Twelfth Judicial District of the State of Montana, in and for the County of Hill. Counsel was appointed to represent petitioner and a hearing on the petition was set for December 10, 1964, and the hearing was held on that day. Petitioner testified in his own behalf and witnesses were presented on behalf of the state. At the conclusion of the hearing the matter was continued to give the state an opportunity to obtain a transcript of the proceedings at the arraignment of the petitioner and to offer the same in evidence, reserving to the petitioner the right to object to the reception in evidence of the transcript if he saw fit. The transcript was forwarded to the court by the Attorney General and a copy thereof was furnished counsel for the petitioner under date of December 28, 1964. By letter dated January 7, 1964, counsel for petitioner has informed the court that petitioner has no objection to the receipt of the transcript in evidence and that the matter may now be deemed submitted to the court. The transcript of the proceedings held in the District Court at Havre, Montana, on February 19, 1960, is ordered filed and made a part of the record in this case.

The court, having now considered all of the evidence in the case, makes the following Findings of Fact and Conclusions of Law:

On February 11, 1960, petitioner was arrested by a police officer of the City of Havre, Montana, upon information that he may have been guilty of the offense of an infamous crime against nature. There was probable cause for such arrest. He was taken by the police officer to the police station at Havre, Montana, and informed of the charges made against him. He was likewise informed of his right not to make any statement, that any statement that he might make might be used against him in court and that he had the right to a legal counsel. However, he was not informed that if he was without means to employ counsel, counsel would be provided for him by the state at no cost to himself. He was also informed that upon pleading guilty or being found guilty of the proposed charge against him he could be sentenced to the state prison, but was not informed as to the possible length of sentence he might receive.

While at the police station petitioner requested and was granted permission to call the only attorney he knew in Havre, who informed him that he would require a fee of $1,000 to represent the petitioner. Petitioner at the time had less than $100 to his name and no property other than his personal belongings, and was, therefore, unable to retain counsel. Petitioner was taken from the city jail to the office of the County Attorney of Hill County, where he was again informed of his right to remain silent, that anything he said might be used against him and of his right to counsel, but was again not informed that if he were without means to employ counsel, counsel would be furnished for him. He was also informed that the proposed charge was a felony, punishable by imprisonment in the state prison, but again the possible duration of such imprisonment was not explained to him.

After his interview with the County Attorney, petitioner was returned to the city police station, where he was interviewed by two police officers and a handwritten statement was prepared by one of the officers and signed by petitioner, in which he admitted complicity in the offense. No force, duress or coercion was used by the officers in obtaining the signed statement.

After obtaining the statement, the petitioner was lodged in the Hill County jail and on the following day, February 12, 1960, petitioner was taken before a Justice of the Peace, where again his rights were explained to him, but again

he was not informed of his right to counsel without cost to himself, if he was unable to employ counsel, nor was he advised of the possible sentence he might receive. Thereupon petitioner waived preliminary hearing and was bound over to the District Court.

Thereafter on February 19, 1960, petitioner was brought before the District Court of the Twelfth Judicial District of the State of Montana, in and for the County of Hill, at which time the following proceedings were had, as shown by the transcript submitted by the State:

"MR. MORRISON: Your Honor, the State of Montana versus Arthur William Rohrer. I request leave to file an information charging the defendant with the crime of—the infamous crime against nature.

"THE COURT: Bail is fixed in the sum of $2500.00. Is your true name Arthur William Rohrer?

"MR. ROHRER: Yes, sir.

"THE COURT: Do you have a lawyer, Mr. Rohrer?

"MR. ROHRER: No, sir.

"THE COURT: Do you wish to have a lawyer before you enter your plea in this matter?

"MR. ROHRER: I don't think so, sir.

"THE COURT: You understand you have the right to have one if you want one?

"MR. ROHRER: Yes, sir.

"THE COURT: You have had a copy of the charge that is filed against you?

"MR. ROHRER: Yes, sir.

"THE COURT: You have read it and you understand it?

"MR. ROHRER: Yes.

"THE COURT: Are you ready to enter your plea now at this time?

"MR. ROHRER: Yes, sir.

"THE COURT: You don't care to have me read this all over to you? You understand it?

"MR. ROHRER: I understand it, sir.

"THE COURT: The County Attorney of Hill County has heretofore filed an information against you charging you with the crime of— The infamous crime against nature, committed on or about the 14th day of December, 1960, in Hill County, Montana. What is your plea to this information, guilty or not guilty?

"MR. ROHRER: I plead guilty, Your Honor.

"THE COURT: Are you ready to have judgment pronounced at this time?

"MR. ROHRER: Yes.

"THE COURT: You don't want to wait? You are ready to have it pronounced now?

"MR. ROHRER: Yes.

"THE COURT: Very well, it is the judgment of this Court that you be confined to the State Penitentiary at Deer Lodge for a term of twenty-five years. You will be remanded to the custody of the sheriff.

"Court adjourned."

From all of the evidence in the case it appears that petitioner was never, at any time, by either the police officers, the County Attorney, the Justice of the Peace or the District Court, informed of his right to court-appointed counsel if he was unable to obtain counsel for himself. It further appears that at no stage of the proceedings was he advised of the full extent of the possible consequences of a plea of guilty.

Under Section 94–4118 R.C.M.1947, the penalty provided for the offense of infamous crime against nature is a minimum of five years. There is no maximum sentence provided.

Petitioner, at the time was 53 years old and had a sixth grade education. He had had no prior experience in courts or with police officers. His occupation through life was generally that of a laborer.

With regard to the purported waiver of counsel by petitioner, it must be noted that a waiver is the voluntary relinquishment of a *known* right. In Carnley v. Cochran, 369 U.S. 506, at 516, 82 S.Ct. 884, at 890, 8 L.Ed.2d 70, the Supreme Court said: "The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." Under the record here the court must conclude that there was no intelligent and understanding waiver of counsel by the petitioner and that he has been deprived of his right to the assistance of counsel guaranteed by the Sixth and Fourteenth Amendments to the Constitution of the United States. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733.

"[R]eal notice [and understanding] of the true nature of the charge against him [is] the first and most universally recognized requirement of due process." Smith v. O'Grady, 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859. "[C]ourts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice *and with full understanding of the consequences.*" Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009.

Again, the entire record shows that the petitioner entered his plea of guilty without real notice and understanding of the charge against him and without a full understanding of the consequences of his plea, and he was thus denied his right to due process of law guaranteed by the Fourteenth Amendment.

Therefore, it is ordered and this does order that the petitioner, Arthur William Rohrer, be released from the custody of the respondent Edward C. Ellsworth, Jr., Warden of the Montana State Prison, and from confinement in said Montana State Prison, unless within 10 days from the date of this order petitioner be permitted to withdraw his plea of guilty in the District Court of the Twelfth Judicial District of the State of Montana, in and for the County of Hill, and plead anew to the charge of an infamous crime against nature.

It is further ordered and this does order that in the event the respondents appeal this decision, that petitioner be released from confinement pending said appeal upon furnishing bail in the sum of $5,000.00, or such other sum as may be ordered by the District Court of the Twelfth Judicial District of the State of Montana, in and for the County of Hill.

It is further ordered and this does order that the Certificate of Probable Cause, required by 28 U.S.C.A. § 2253, before an appeal from this decision to the Court of Appeals for the Ninth Circuit may be taken, is hereby issued, and it is certified that probable cause for such appeal exists.

The court takes this opportunity to express its appreciation to Mr. Lee A. Jordan, the court appointed attorney for petitioner, for his assistance to the court and to petitioner and for his excellent performance of his duties under such appointment.