**Willis G. COONTS, Petitioner,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida et al., Respondents.**

**No. 66–847–Civ–J.**

United States District Court
M. D. Florida,
Jacksonville Division.

Feb. 29, 1968.

---

Richard B. Austin (court-appointed), Jacksonville, Fla., for petitioner.

Earl Faircloth, Atty. Gen., Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, Fla., for respondents.

## ORDER

WILLIAM A. McRAE, Jr., District Judge.

■ A Petition for Writ of Injunction under the 1964 Civil Rights Act was filed in this Court by Willis G. Coonts. The Petition attacked the validity of a prison regulation which prohibited Petitioner from assisting other inmates in the preparation of habeas corpus petitions and sought an order requiring law books to be furnished to the prisoners. Shortly after the submission of his Petition, Petitioner was transferred to the maximum security section of the Raiford State Penitentiary. Pursuant to Petitioner's request for release from solitary confinement this Court has considered the cause as a Petition for Writ of Habeas Corpus. Coffin v. Reichard, 143 F.2d 443, 445, 155 A.L.R. 143 (6th Cir. 1944); 148 F.2d 278 (6th Cir. 1945), cert. denied, 325 U.S. 887, 65 S.Ct. 1568, 89 L.Ed. 2001 (1945):

> A prisoner is entitled to the writ of habeas corpus when, though lawfully in custody, he is deprived of some right to which he is lawfully entitled even in his confinement, the deprivation of which serves to make his imprisonment more burdensome than the law allows or curtails his liberty to a greater extent than the law permits.

An extensive evidentiary hearing was held on December 6, 1967. At the hearing Petitioner testified that in April and May of 1966 he was an inmate at the Doctors Inlet Road Prison. During that period he was assisting his fellow prisoners, many of whom could not speak or write English, in the preparation of petitions to various state and federal courts. On May 25, 1966, Captain R. G. Sullivan posted a notice, pursuant to the Manual of Operations for Road Prisons § 51.7, at the road prison prohibiting an inmate from assisting another in the preparation of "Writs." (Pet. Exh. 1, 2.) Petitioner testified that, subsequent to the posting of this notice, he terminated all assistance to other prisoners in compliance with the notice and filed this

action for injunctive relief. Almost immediately Petitioner was placed in solitary confinement at the road camp, and shortly thereafter he was transferred to Raiford where he remained in solitary confinement for more than eighteen months until this Court's hearing. Counsel for Respondent was unable to explain at the hearing the reason for Petitioner's prolonged confinement in maximum security. The confinement is to continue until terminated by order of the Superintendent. The supplemental prison records which Respondent has subsequently supplied do little to clarify the reason for Petitioner's present confinement. Taken together, the facts indicate that the confinement is the result of the assistance Petitioner rendered prior to the posting of the notice.

■■ It is clear that state prison officials may not punish inmates for seeking the relief of a federal court; to do so would frustrate the ancient writ of habeas corpus and deny all appeal from an unlawful commitment. Ex parte Hull, 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034 (1941). State prison officials may, however, impose reasonable penalties on their inmates for violating the rules and regulations which they have the authority to promulgate and administer. The validity of a prison regulation prohibiting prisoners from assisting other inmates in the preparation of legal papers is a question of first impression in this court.

■ There has been a tremendous increase in the number of petitions for habeas corpus in the federal courts in recent years. In the last six months of 1967, this court considered more than 100 formal petitions and disposed of numerous others informally by letter. It is increasingly difficult to provide appointive counsel for those individuals whose petitions require an evidentiary hearing, and it would be virtually impossible to provide each prisoner who wished to file a petition with individual counsel. Without the assistance of a third party, a "jail-house lawyer" in many instances, a great many of these

prisoners would never be capable of articulating a petition or letter requesting relief. To enforce the regulation in question is effectively to deny many of these inmates access to the state and federal courts in violation of the due process clause of the fourteenth amendment. White v. Blackwell, 277 F.Supp. 211 (N.D.Ga.1967); Johnson v. Avery, 252 F.Supp. 783 (M.D.Tenn.1966), rev'd, 382 F.2d 353 (6th Cir. 1967).

Congress amended 28 U.S.C. § 2242 to allow a third party to sign and verify a petition for a writ of habeas corpus on behalf of another. There appears to be no discernible distinction between allowing a third party to sign a petition on behalf of another and allowing him to aid in its preparation.

Respondent seeks to justify the regulation in question on the basis that it is an attempt to prohibit the unauthorized practice of law by persons who are not members of The Florida Bar. It is apparent that this regulation may be construed in a much broader manner than the rules of the Bar regarding unauthorized practice. However, since Respondent is not charged with the responsibility of promulgating rules regarding the unauthorized practice of law in this State, the regulation may not be justified on that basis, and this court finds it unnecessary to decide whether Petitioner's conduct would violate those rules. Fla.Const. art. V, § 23, F.S.A.; Fla.Bar Integration Rule, art. XVI, 32 F.S.A.

Respondent also argues that these regulations are necessary to the discipline of the prison. This Order does not prohibit prison authorities from imposing reasonable restraints upon activities arising from this assistance which present problems of prison discipline. A regulation restricting the time and place such aid may be made available and prohibiting the giving of compensation would certainly be acceptable. A regulation prohibiting the granting of assistance altogether might even be sustained if the state were to make available a sufficient number of qualified attorneys to

render voluntary assistance to all who desired it.

The present regulation, however, is absolute in its terms, it affords no alternatives, and it has the practical effect of silencing forever any constitutional claims which many prisoners might have. Johnson v. Avery, supra 252 F.Supp. at 785.

■ Petitioner's request for books and legal materials is denied. There is no need for a habeas corpus petition to contain extensive legal citations and the state is under no obligation to provide the material requested.

It is

Ordered:

1. Petitioner, Willis G. Coonts, shall be released from solitary confinement and forthwith restored to his station as an ordinary prisoner.

2. The aforementioned regulation, prohibiting inmates from granting assistance in the preparation of legal documents, is hereby declared invalid, and subject to the conditions as set forth above Respondent is enjoined from enforcing said regulation.