BAKER *v.* MARBURY

[No. 268, September Term, 1957.]

Decided May 16, 1958.

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

Submitted on brief by *Richard R. Baker, pro se,* for the appellant.

*James H. Norris, Jr., Special Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General,* and *Blair H. Smith, State's Attorney for Prince George's County,* on the brief, for the appellee.

PER CURIAM.

This is an appeal from the denial of a petition for a writ of *mandamus.* It appears that Richard R. Baker, the petitioner-appellant is confined as a prisoner at the Lorton Reformatory, Virginia, a Federal penal institution, under sentence imposed by a court of the District of Columbia, and that he was so confined at the time of filing this petition and the petition for a writ of *habeas corpus* referred to below.

He was indicted in October, 1956, by the grand jury for

Prince George's County, Maryland, on a charge of breaking into a storehouse. Though it is not directly stated in the skimpy record before us, it seems a fair inference that he was imprisoned under the District of Columbia sentence before he could be brought to trial in Maryland. The length of that sentence does not appear.

In September, 1957, Baker filed a petition for a writ of *habeas corpus* with Judge Charles C. Marbury of the Seventh Judicial Circuit of Maryland, sitting in the Circuit Court for Prince George's County. His object was either to cause himself to be brought before that court for a speedy trial or to cause the lifting of a detainer placed against him with the Lorton Reformatory. Such detainers are customarily placed by the Sheriff. Since the prisoner was not confined by or under the authority of the State of Maryland, his petition was dismissed.

He then filed the petition for a writ of *mandamus* in the present case. This petition was submitted to Judge John B. Gray, Jr., Chief Judge of the Seventh Judicial Circuit. The petitioner seeks an order directed to Judge Marbury requiring him "to remove the warrant that is lodged against your petitioner." We assume, as did Judge Gray, that the "warrant" means the detainer placed with the Lorton Reformatory authorities.

Neither the placing nor the lifting of the detainer is a function of a Judge of the Seventh Judicial Circuit. It is also true, as Judge Marbury pointed out in the *habeas corpus* case, and as did Judge Gray in this case, that no judge of a Maryland court can require the Lorton Reformatory authorities to produce the petitioner for trial. It has been held that a court of a State cannot require the production for trial in such court of a prisoner held in custody under Federal authority, even where the penal institution is within the limits of the State. See 22 *C. J. S., Criminal Law,* Sec. 472, pp. 726, 727, and cases cited, and Anno., 118 A. L. R. 1046. We know of no authority to the contrary. *A fortiori,* the State cannot act where the prison is not within its borders.

The petitioner quotes extensively from the opinion of Judge Thomsen of the United States District Court for the

District of Maryland in *Petition of Provoo,* 17 F. R. D. 183, affd. without opinion, 350 U. S. 857. The *Provoo* case involved a deliberate choice by the Government of the district in which to bring Provoo to trial and the exercise of that choice proved erroneous because of improper venue and resulted in great delay in bringing the prisoner to trial in the proper jurisdiction. The delay was so great as to amount to a denial of the right to a speedy trial protected by the Sixth Amendment. The *Provoo* case is not in point on the facts in the present case. Here we have no showing whatever of delay on the part of the State in bringing Baker to trial in Maryland due to either deliberate conduct or negligence of the State in pressing the prosecution. The prisoner is presently beyond the power of the State.

A writ of *mandamus* directed to Judge Marbury would be nugatory either as a means of having the petitioner brought before the Circuit Court for trial or as a means of lifting the detainer. It was, therefore, properly denied. *District Heights v. County Commrs.,* 210 Md. 142, 122 A. 2d 489.

As Judge Gray observed in his opinion, "when the case is ready for trial a decision can then be made as to whether the defendant should be required to stand trial."

*Order affirmed, with costs.*