**John E. KIRBY, Appellant,**

v.

**WARDEN, MARYLAND PENITEN-TIARY, Appellee.**

**No. 7735.**

United States Court of Appeals Fourth Circuit.

Argued Nov. 4, 1958.

Decided Nov. 13, 1958.

Walter E. Black, Jr., Baltimore, Md. (H. B. Mutter, Baltimore, Md., on the brief), Court appointed counsel, for appellant.

James H. Norris, Jr., Sp. Asst. Atty. Gen. of Maryland (C. Ferdinand Sybert, Atty. Gen. of Maryland, on the brief), for appellee.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the District Court denying a petition of the appellant, John E. Kirby, for writ of habeas corpus based on the ground that he was imprisoned under sentences of the Criminal Court of Baltimore on charges of robbery with a deadly weapon, after a trial which had been unduly delayed in violation of his constitutional right to a speedy trial.

Kirby was indicted in the Criminal Court of Baltimore on two charges of robbery with a deadly weapon, committed on August 21, 1948. The indictments were returned on May 17 and June 5, 1956, respectively. He was tried for these offenses in July 1956, and found guilty and sentenced to twenty years imprisonment in each case, the sentences to run consecutively.

During the period between 1948 and 1956, Kirby was serving a sentence of nine years in the Federal Penitentiary at Atlanta, imposed on November 22, 1948, under a conviction in Washington, District of Columbia. The record shows that in 1951, during his incarceration, and also in 1952 and 1953, he made several requests of the Maryland authorities to be brought to trial on the Maryland charges and he was informed that he had not been brought from Washington to Baltimore to stand trial under the Baltimore indictments before he was sent to the Federal prison in Atlanta because the Federal authorities in Washington refused to turn him over for trial in Baltimore.

When he was finally tried and convicted for the Maryland offense in July 1956, he took no appeal to the Court of Appeals of Maryland. But on February 8, 1957, he filed a petition for writ of habeas corpus in the Baltimore City Court, which was denied, and he then made application for leave to appeal to the Maryland Court of Appeals, which was also denied. See Kirby v. Warden, 214 Md. 600, 133 A.2d 421. In its de-

cision the court denied the application for appeal but, nevertheless, considered the merits of the petitioner's contention and held that he had waived his constitutional right to a speedy trial because he had failed to raise the point of undue delay when brought to trial on the charges for armed robbery in the Baltimore court.[1] Thereafter Kirby filed a motion for leave to file a petition for a writ of habeas corpus in the Supreme Court of the United States, but this was denied. Kirby v. State of Maryland, 357 U.S. 901, 78 S.Ct. 1160, 2 L.Ed.2d 1153. He did not petition the Supreme Court for writ of certiorari to bring up the record in the case decided by the Court of Appeals of Maryland.

Subsequently, on June 25, 1958, he filed a petition for writ of habeas corpus in the court below, which was denied on the ground that he had failed to raise the point of undue delay upon his trial in the Criminal Court of Baltimore and thereby waived the right to a speedy trial. We think that the order of this court dismissing the writ of habeas corpus should be affirmed. It is apparent from the statement of facts that the petitioner's contention cannot be sustained and, in addition, it is clear that by failing to apply for writ of certiorari from the decision of the Court of Appeals of Maryland he has failed to exhaust his State remedies. See Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469.

Affirmed.

---

1. In Baker v. Marbury, 216 Md. 572, 141 A.2d 523, the Maryland Court of Appeals held that a Maryland court cannot require the production for trial of a prisoner held in custody under Federal authority.