## DETORO v. STATE

[No. 176, September Term, 1961.]

*Decided February 19, 1962.*

The cause was argued before BRUNE, C. J., and HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

*W. Emerson Brown, Jr.,* with whom were *Brown & Allen* on the brief, for appellant.

*Eli Baer, Special Assistant Atorney General,* with whom were *Thomas B. Finan, Attorney General, Joseph S. Kaufman, Deputy Attorney General, Saul A. Harris, State's Attorney* and *John Paul Rogers, Assistant State's Attorney of Baltimore City,* on the brief, for appellee.

HAMMOND, J., delivered the opinion of the Court.

After his conviction of murder in the first degree by the court below (sitting without a jury), denial of a new trial by the Supreme Bench of Baltimore City, and sentence of death

by administration of lethal gas, Percy DeToro appealed on the ground that the evidence was insufficient to sustain the verdict.

Sometime after midnight the appellant awakened Beatrice, the woman with whom he was living in an apartment, and began "nagging and fussing" with her. He declared "he was going to hit her in the head with an axe," although he almost immediately thereafter claimed to have used the words in jest. She got up, saying, "[I]t is no more sleep for tonight," and "I didn't know you were that type of man * * * I am going to get me a job sleeping in * * * I'm going to have to * * * because I can't go on like this anymore." The woman went into the kitchen and began playing cards with a couple who also lived in the apartment. DeToro called to her to come in the bedroom after she had asked him to bring her a cigarette. They argued because he had no job and could not even buy cigarettes. After about five minutes, DeToro came back into the kitchen and picked up a twelve-inch knife or dagger having a rigid blade with a sharp point, and went back into the bedroom. After a few minutes the couple in the kitchen heard the outside door of the apartment close, and a little later heard a moaning sound from the bedroom. They rushed in and found Beatrice dying of a stab wound in the chest, the knife DeToro had taken from the kitchen a few minutes before evidently having been driven in up to the hilt. The woman died before the police arrived. There was testimony that the outside door of the apartment was locked both before and after DeToro left.

DeToro gave the policeman a statement in which he claimed he had gotten the knife to cut a cake. He said there was a violent argument and a struggle between him and Beatrice, during which she picked up a pair of scissors and it looked to him as if "she was trying to make a pass at me with the scissors" and he "struck her with the paring knife." No evidence of cake was found in the apartment (there was testimony that there had been none there for several days), and the scissors were found later by the police in a closed cabinet.

The trier of fact said he had no doubt that DeToro was

guilty of murder in the first degree. We find the testimony in the record sufficient to justify the conclusion the trial judge reached. The continuing quarrel between the couple, her suggestion that she would leave the apartment to live elsewhere, the time and effort required to walk to the kitchen to obtain the knife used minutes later to kill, and the location and depth of the stab wound, constitute evidence of premeditated design to kill at least as strong as that found sufficient in *Chisley v. State,* 202 Md. 87; *Grammer v. State,* 203 Md. 200; *Elliott v. State,* 215 Md. 152; and *Brown v. State,* 220 Md. 29, 39.

*Judgment affirmed.*