## ARRINGTON *v.* STATE

[No. 204, September Term, 1961.]

*Decided March 19, 1962.*

The cause was argued before HENDERSON, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

George L. Russell, Jr., for appellant.

*Robert F. Sweeney, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Saul A. Harris, State's Attorney* and *John Paul Rogers, Assistant State's Attorney,* on the brief, for appellee.

SYBERT, J., delivered the opinion of the Court.

The appellant, Theodore Roosevelt Arrington, was convicted of murder in the first degree by the trial court, sitting without a jury and, after·being denied a new trial by the Supreme Bench of Baltimore City, was sentenced to death. This appeal challenges the sufficiency of the evidence to sustain the verdict.

The trial judge concluded at the close of the trial that every element required ·in a first degree murder case had been "overwhelmingly established". There is ample evidence in the record upon which the trier of facts could base that conclusion.

The following matters were testified to by various witnesses for the State. On December 23, 1960, between 11:00 A.M. and 12 noon, the appellant and the deceased were playing cards in a union hall along with three other men. At about noon, the appellant accused the deceased of cheating him in a hand of cards and rough language passed between ·the two, one witness testifying that the appellant told the deceased he was going to kill him before 6:00 o'clock. The game then continued until about 5:30 P.M., when the appellant left the room. By his own admission he went to another room where he re-

trieved a rifle which he had left there earlier, and loaded it with a cartridge. He returned to the other room in about five minutes with the rifle and fired one shot which fatally wounded the victim, who was seated at the card table. He then left the union hall and fled to Virginia, where he surrendered to the authorities several days later.

In a statement made to the police and received in evidence without objection, appellant admitted shooting the victim. He alleged that the deceased and another man had yoked and robbed him in the bathroom of the union hall and that he shot the deceased when he refused to return his money. In his testimony at the trial he reiterated this story, and in addition stated that he had not arrived at the union hall until 3:30 P.M., had not participated in any card game, and had fired the rifle only with intent to scare the victim. The appellant was the only defense witness. The State's witnesses refuted the version of the appellant. Their testimony was consistent as to appellant's participation in the card game from late in the morning. As to the alleged robbery of appellant in the bathroom, the witnesses either said they were unaware of it or expressly denied that it occurred. Two of the witnesses testified to seeing appellant return with the rifle and raise it while he stood in the doorway, and that they heard the rifle being discharged as they fled from the hall. Another witness testified that he had seen the appellant raise the rifle in a position "ready to shoot" and had witnessed the shooting itself since he was too "scared to scatter".

The credibility of the witnesses and the weight to be given to their testimony are matters for the determination of the trial judge, and we cannot say that his conclusion was erroneous. Even if the trial court had believed appellant's story that he was robbed the result would be no different. The facts that the appellant was angry at the deceased (whether over the alleged robbery or cheating is immaterial), that he procured a rifle from another part of the building, inserted a bullet, and returned to the card room, involving a period of about five minutes, and then raised the rifle and shot and fatally wounded the object of his anger, constitute sufficient evidence of a de-

liberate and premeditated plan to kill. *DeToro v. State,* 227 Md. 551, 177 A. 2d 847 (1962) ; *Brown v. State,* 220 Md. 29, 150 A. 2d 895 (1959) ; *Grammer v. State,* 203 Md. 200, 100 A. 2d 257 (1953) : and *Chisley v. State,* 202 Md. 87, 95 A. 2d 577 (1953). See also *Taylor v. State,* 226 Md. 561, 174 A. 2d 573 (1961), which closely resembles the instant case.

*Judgment affirmed.*