George BROOKS, Appellant,

v.

Sam A. ANDERSON, Superintendent,
D. C. Jail, Appellee.

No. 17412.

United States Court of Appeals
District of Columbia Circuit.

Argued March 5, 1963.

Decided April 4, 1963.

Mr. John F. Doyle, Washington, D. C. (appointed by this court), for appellant.

Mr. Richard W. Barton, Asst. Corp. Counsel for District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee. Messrs. John R. Hess and Joseph G. Hitselberger, Asst. Corp. Counsel, also entered appearances for appellee.

Before WILBUR K. MILLER, FAHY and BURGER, Circuit Judges.

BURGER, Circuit Judge.

On September 14, 1962, George Brooks, an inmate of the District of Columbia Jail petitioned the District Court for a writ of habeas corpus, naming as respondent Sam A. Anderson, the Superintendent of the District of Columbia Jail. The petitioner alleged that his confinement was not by virtue of any order or judgment of any court, and that he was undergoing cruel and unusual punishment, which he described in detail.

The Superintendent moved to discharge the rule and dismiss the petition. Without passing on the motion, the District Court made the rule absolute and issued a writ of habeas corpus returnable on a day certain. The Superintendent filed no return or other response to the petition, but appeared with Brooks at the hearing. The petitioner testified in support of the petition. The District Court made findings of fact and conclusions of law upon which it discharged the writ and dismissed the petition.

We note that the respondent moved to dismiss the petition and that this motion was not ruled upon. However, the subsequent actions of the court indicate an implied denial of the motion. Once it appears that the petition states grounds for relief under habeas corpus, the statute directs that "The person to whom the writ or order is directed *shall make a return* certifying the true cause of the detention." (Emphasis added.) 28 U. S.C. § 2243. In this case no return was made and as a result the record before us is inadequate for purposes of review. We have no alternative therefore except to remand to the District Court with instructions to require the respondent to

file a return as provided in § 2243 and reconsider the petition in light of the entire record so made.[1] See Riley v. Pescor, 63 F.Supp. 1 (W.D.Mo.1945).

Remanded.

1. We also note that Findings 2, 3 and 5 made by the District Court are not supported by evidence in this record. On oral argument there was some suggestion that numerous cases with comparable issues were heard by the same judge within the space of several days. If the District Court, in making findings in this case, relied on evidentiary matters common to several cases, such evidence should be incorporated by reference to the record in which such evidence may be found. Of course a finding by reference could not be allowed to stand if challenged on the ground that petitioner had no opportunity to meet the basic evidence. See Smith v. Anderson, D.C.Cir., 317 F. 2d 172, April 4, 1963.