172

Edward SMITH, Appellant,

v.

Sam A. ANDERSON, Superintendent,
D. C. Jail, Appellee.

Maryland HARVEY, Appellant,

v.

Sam A. ANDERSON, Superintendent,
D. C. Jail, Appellee.

Robert M. WILLIAMS, Appellant,

v.

Sam A. ANDERSON, Superintendent,
D. C. Jail, Appellee.

Nos. 17411, 17413, 17414.

United States Court of Appeals
District of Columbia Circuit.

Argued March 1, 1963.

Decided April 4, 1963.

Mr. John F. Doyle, Washington, D. C.
(appointed by this court) for appellant.

.Mr. Ted D. Kuemmerling, Asst. Corp.
Counsel for the District of Columbia,
with whom Messrs. Chester H. Gray,
Corp. Counsel, Milton D. Korman, Prin-
cipal Asst. Corp. Counsel, and Hubert B.
Pair, Asst. Corp. Counsel, were on the
brief, for appellee. Mr. Joseph G. Hitsel-
berger, Asst. Corp. Counsel, also entered
an appearance for appellee.

Before WILBUR K. MILLER, BURGER and
WRIGHT, Circuit Judges.

BURGER, Circuit Judge.

Appellants filed petitions for writs of
habeas corpus in September 1962, alleg-
ing they were unlawfully detained and
subjected to cruel and unusual punish-
ment. On the first point they allege they
are confined in the D.C. Jail without an
order or judicial direction. Their claim
as to unusual punishment is that they
are confined in a cell 6' x 6' where the
temperature rises to 105° F. with in-
adequate ventilation which endangers
health; they also contend the food is such
that it has made them ill and they have
been denied medical treatment.

The District Court denied the petitions
without calling for returns and no re-
turns were filed by appellee, who is in
charge of the D.C. Jail. Appellee's mo-
tions to dismiss were granted without
hearing or return.

We indicate no acceptance of the truth
of appellants' allegations, for they have
not as yet had the opportunity to estab-
lish the claims; the appellee made no
denial.

A petition for a writ of habeas corpus
may not be thus denied. The appropriate
procedure in these circumstances is to re-
quire a return from the appellee, hold
a hearing and thereafter make findings
or file a memorandum adequate for ap-
pellate review.[1] 28 U.S.C. § 2243. Ta-
tem v. United States, 107 U.S.App.D.C.
230, 275 F.2d 894 (1960). See also Ful-

1. In argument there was some suggestion
that numerous comparable petitioners

were heard by the same judge within the
space of several days. If the District

wood v. Clemmer, 111 U.S.App.D.C. 184, 295 F.2d 171 (1961). We therefore remand for further proceedings so that the District Court may direct the appellee to file a return and thereafter reconsider appellants' claims in light of the return.

Remanded for further proceedings.

Court relied in this case on evidentiary matters common to several cases, such matter should be incorporated by reference to the file in which such other evidence may be found. The better practice would be to have such evidence incorporated by stipulation since the petitioner must be afforded an opportunity to meet it if he desires.