317 F.2d 172
 Edward SMITH, Appellant,
v.
Sam A. ANDERSON, Superintendent, D. C. Jail, Appellee.
Maryland HARVEY, Appellant,
v.
Sam A. ANDERSON, Superintendent, D. C. Jail, Appellee.
Robert M. WILLIAMS, Appellant,
v.
Sam A. ANDERSON, Superintendent, D. C. Jail, Appellee.
 No. 17411.
 No. 17413.
 No. 17414.
 United States Court of Appeals District of Columbia Circuit.
 Argued March 1, 1963.
 Decided April 4, 1963.
 
 Mr. John F. Doyle, Washington, D. C. (appointed by this court) for appellant.
 Mr. Ted D. Kuemmerling, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee. Mr. Joseph G. Hitselberger, Asst. Corp. Counsel, also entered an appearance for appellee.
 Before WILBUR K. MILLER, BURGER and WRIGHT, Circuit Judges.
 BURGER, Circuit Judge.
 
 
 1
 Appellants filed petitions for writs of habeas corpus in September 1962, alleging they were unlawfully detained and subjected to cruel and unusual punishment. On the first point they allege they are confined in the D.C. Jail without an order or judicial direction. Their claim as to unusual punishment is that they are confined in a cell 6' x 6' where the temperature rises to 105° F. with inadequate ventilation which endangers health; they also contend the food is such that it has made them ill and they have been denied medical treatment.
 
 
 2
 The District Court denied the petitions without calling for returns and no returns were filed by appellee, who is in charge of the D.C. Jail. Appellee's motions to dismiss were granted without hearing or return.
 
 
 3
 We indicate no acceptance of the truth of appellants' allegations, for they have not as yet had the opportunity to establish the claims; the appellee made no denial.
 
 
 4
 A petition for a writ of habeas corpus may not be thus denied. The appropriate procedure in these circumstances is to require a return from the appellee, hold a hearing and thereafter make findings or file a memorandum adequate for appellate review.[1] 28 U.S.C. § 2243. Tatem v. United States, 107 U.S.App.D.C. 230, 275 F.2d 894 (1960). See also Fulwood v. Clemmer, 111 U.S.App.D.C. 184, 295 F.2d 171 (1961). We therefore remand for further proceedings so that the District Court may direct the appellee to file a return and thereafter reconsider appellants' claims in light of the return.
 
 
 5
 Remanded for further proceedings.
 
 
 
 Notes:
 
 
 [1]
 In argument there was some suggestion that numerous comparable petitioners were heard by the same judge within the space of several days. If the District Court relied in this case on evidentiary matters common to several cases, such matter should be incorporated by reference to the file in which such other evidence may be found. The better practice would be to have such evidence incorporated by stipulation since the petitioner must be afforded an opportunity to meet it if he desires