Catherine LAKE, Appellant,

v.

Dale CAMERON, Superintendent, St. Elizabeths Hospital, Appellee.

No. 17531.

United States Court of Appeals District of Columbia Circuit.

Submitted Nov. 19, 1963.

Decided Jan. 9, 1964.

Appellant filed a brief, pro se, and her case was treated as submitted thereon.

1. Appellant had been found by a member of the Metropolitan Police Department wandering in the vicinity of Fifth and E Streets, N.W., on September 29, 1962, and was taken to the District of Columbia General Hospital. On October 2,

No brief was filed on behalf of appellee. Messrs. Chester H. Gray, Corp. Counsel for the District of Columbia, Milton D. Korman, Principal Asst. Corp. Counsel, Hubert B. Pair, and David P. Sutton, Asst. Corp. Counsel, entered appearances for appellee.

Before BAZELON, Chief Judge, WILBUR K. MILLER and WASHINGTON, Circuit Judges.

PER CURIAM.

On October 11, 1962, appellant filed in the District Court an omnibus pleading —styled "Petition for a Writ of Habeas Corpus and Also a Writ of Prohibition" —naming as respondents the Superintendent of the District of Columbia General Hospital, a Miss Bentley of the United States Public Health Service, and a Miss Jenkins of the Social Service Agency. On the same day appellant was transferred from the District of Columbia General Hospital to St. Elizabeths Hospital, by order of the District Court, for observation in connection with proceedings then pending in In re Catherine Lake, M.H.No. 2012–62.[1] The named respondents answered the petition for a writ of habeas corpus averring that appellant was no longer in their custody. On November 2, 1962, appellant moved to amend her petition by adding Dale Cameron, Superintendent of St. Elizabeths Hospital, as "true defendant," and alleging that he was unlawfully detaining her. The District Court granted leave to amend the petition and simultaneously dismissed it, without requiring a return.

We think this summary disposition was error. When, as here, a petition for a writ of habeas corpus alleges an unlawful deprivation of liberty, the "judge entertaining an application for a writ * * * *shall forthwith* award the writ or issue an order directing the respond-

civil commitment proceedings were instituted in the District Court. These proceedings, the propriety of which her petition attacks, culminated in her being committed to St. Elizabeths Hospital.

ent to show cause why the writ should not be granted." 28 U.S.C. § 2243, emphasis supplied. See also Brooks v. Anderson, 115 U.S.App.D.C. 116, 317 F.2d 179 (1963). "The appropriate procedure in these circumstances is to require a return from the appellee, hold a hearing and thereafter make findings or file a memorandum adequate for appellate review." Smith v. Anderson, 115 U.S.App. D.C. 109, 317 F.2d 172 (1963). Since this required procedure was not followed here, the judgment below must be reversed and the case remanded to the District Court for further proceedings. And in the circumstances of this case we think it would be appropriate for the District Court to appoint counsel to assist the petitioner in such proceedings.

Reversed and remanded for further proceedings in accordance with this opinion.

WILBUR K. MILLER, Circuit Judge (dissenting).

The appellant's brief is incoherent to the point that it is plainly the work of a disturbed mentality. I do not think it presents a case worthy of consideration.