Percy DeTORO, Appellant,

v.

Vernon L. PEPERSACK, Warden of the Maryland Penitentiary, Appellee.

No. 9246.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 23, 1964.

Decided April 15, 1964.

William J. McCarthy, Baltimore, Md. (Court-assigned counsel), for appellant.

Franklin Goldstein, Asst. Atty. Gen. of Maryland (Thomas B. Finan, Atty. Gen. of Maryland, on brief), for appellee.

Before BRYAN and J. SPENCER BELL, Circuit Judges, and MICHIE, District Judge.

J. SPENCER BELL, Circuit Judge.

Appellant, Percy DeToro, appeals from an order of the District Court for the District of Maryland, discharging his petition for a writ of habeas corpus.[1] The question before the district court, and now before this court on appeal, is a narrow one: was DeToro denied his constitutional rights under the sixth amendment when he entered a plea of not guilty at two preliminary hearings, while not represented by counsel.[2]

DeToro was arrested on January 22, 1961, on the charge of homicide. Thereafter on two separate occasions, January 23 and February 7, he was taken before a magistrate at Central Police Station, Baltimore, Maryland, and called upon to plead to the charge filed against him. On both occasions, DeToro entered a plea of not guilty. On neither occasion was he afforded the opportunity to consult with, retain, or be furnished counsel. Counsel was appointed by the State to represent him at his trial for first degree murder. At the beginning of the trial, DeToro again entered a plea of not guilty. He was found guilty and sentenced to death. After an unsuccessful direct appeal to the Maryland Court of Appeals[3] and exhaustion of all state post conviction remedies,[4] DeToro filed a petition for a writ of habeas corpus in the federal courts. New counsel was appointed and a plenary hearing held by the district court. The district court found that the State's failure to appoint counsel at the preliminary hearings had not violated DeToro's sixth amendment rights and discharged the writ, but stayed execution of the death sentence pending this appeal.

DeToro makes two contentions before this court. He contends, first of all, that the right of an accused to counsel in felony cases, Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), extends to all stages in the judicial process and not only to those that may be characterized as critical. DeToro attempts to find support for this view in a series of Supreme Court decisions, beginning with Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L. Ed. 158 (1932), and culminating in Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961), and White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963). His second contention is that even if these decisions require that a stage be deemed critical to entitle an accused to the assistance of counsel, the preliminary hearings we consider here may be properly considered such.

■ Despite the very able arguments advanced by counsel for DeToro, we are unable to accept either of these contentions. We take as our starting point, as do the parties, Powell v. Alabama, supra, which states the broad proposition that an accused has the right to counsel "at every step in the proceedings against him." 287 U.S. at 69, 53 S.Ct. at 64. In Powell, this was taken to mean that the accused has the right to have counsel appointed sufficiently in advance of trial

---

1. Application of DeToro, 222 F.Supp. 621 (D.Md.1963).

2. In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor and to have the assistance of counsel for his defense. U.S.Const. amend. VI.

3. De Toro v. State, 227 Md. 551, 177 A.2d 847 (1962).

4. DeToro v. Warden, 231 Md. 635, 190 A. 2d 783 (1963).

to make adequate preparation. Later decisions of the Court have reaffirmed the importance of pre-trial preparation,[5] In Avery v. Alabama, 308 U.S. 444, 446, 60 S.Ct. 321, 322, 84 L.Ed. 377 (1940). Mr. Justice Black warned that:

> "[T]he denial of opportunity for appointed counsel to confer, to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment."

While Hamilton v. Alabama, supra, and White v. Maryland, supra, have further extended the right to counsel prior to trial, we are unable to read them as extending that right to the extent and in the manner urged by DeToro. In Hamilton, the defendant, indicted for burglary and without counsel, entered a plea of not guilty at arraignment. The Supreme Court reversed his later conviction, holding that the defendant had been entitled to counsel since, under Alabama law, arraignment is "a critical stage in a criminal proceeding." 368 U.S. at 53, 82 S.Ct. at 158. It was a critical stage, according to the Court, because certain defenses, specifically a plea of insanity, a plea in abatement, and a motion to quash based on an improperly drawn grand jury, not raised at arraignment, were considered waived.

■ In White, the accused was without counsel at a preliminary hearing. Unlike arraignment under Alabama law, a preliminary hearing under Maryland law is not, in and of itself, a critical stage in the judicial process. Defenses not raised at a preliminary hearing are not irretrievably lost and may be raised later.

In the context of the particular facts of White, however, the Court was persuaded that White's preliminary hearing had been a critical stage. This was so because White's plea of guilty, taken at the preliminary hearing and subsequently withdrawn, was introduced into evidence against him during trial. On this ground, the Court reversed the conviction.

DeToro calls our attention to what he considers to be the key sentence of the case:

> "For petitioner entered a plea before the magistrate and that plea was taken at a time when he had no counsel." 373 U.S. at 60, 83 S.Ct. 1051.

The district court, we think, effectively brought the above sentence into the proper perspective:

> "This sentence cannot be read out of context. It must relate to the case before the Court, namely that the 'plea' was 'guilty', and it was offered in evidence at the trial." 222 F.Supp. at 624.

■ In our view, Hamilton and White teach that an accused is denied rights afforded him under the sixth amendment when he is subjected to an arraignment or to a preliminary hearing without the assistance of counsel, where events transpire that are likely to prejudice his ensuing trial. The Court, in each case, refused to speculate as to whether in fact prejudice actually accrued.

■ Thus, the thrust of Powell's admonition that an accused has a right to counsel "at every step in the proceedings against him," as borne out by subsequent decisions, including Hamilton and White, seems to be that if the effectiveness of legal assistance ultimately furnished an accused is likely to be prejudiced by its prior denial, the earlier period may be deemed a critical stage in

---

5. The right to confer and consult with counsel prior to trial extends to cases where counsel is retained by the accused, Chandler v. Fretag, 348 U.S. 3, 75 S.Ct. 1, 99 L.Ed. 4 (1954); House v. Mayo, 324 U.S. 42, 65 S.Ct. 517, 89 L.Ed. 739 (1945), as well as to cases where counsel is appointed by the state, Hawk v. Olson, 326 U.S. 271, 66 S.Ct. 116, 90 L.Ed. 61 (1945); White v. Ragen, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348 (1945).

the judicial process and a conviction obtained in such circumstances is rendered invalid.[6] We find nothing in the Supreme Court decisions, however, that would permit us to extend the duty of the State to appoint counsel in proceedings where even the likelihood of later prejudice arising from the failure to appoint is absent.

■ DeToro's second contention is that even assuming *arguendo* that the likelihood of prejudice must be shown to require the appointment of counsel for an accused, this is such a case. DeToro's position is that in being denied the assistance of counsel at the preliminary hearings, he was unable to utilize effectively the traditional right afforded an accused to cross-examine the State's witnesses. He points out that through the process of cross-examination, the accused may be able to learn of the State's case and more intelligently to prepare a defense. Witnesses for the State, moreover, may be cross-examined at the preliminary hearing and their testimony used for impeachment purposes at the trial.[7] DeToro points out that the right of cross-examination has long been recognized by the Maryland law as a valuable defense tool and has been employed successfully by those who have the means to retain counsel to represent them at the hearing. To deny these same rights to an indigent, he argues, is to make an invidious classification based on the ability to pay in violation of the equal protection clause of the fourteenth amendment. Compare Griffin v. Illinois, 351

U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956).

■ Maryland's preliminary hearing has as its purpose, not the ultimate determination of guilt or innocence, but the determination of whether there exists probable cause to believe the accused guilty so as to enable the magistrate to bind him over for the grand jury. As stated in Williams v. State, 214 Md. 143, 132 A.2d 605, 611 (1957):

"[T]he purpose of a preliminary hearing before the magistrate is for the purpose of determining whether there is probable ground to believe the accused guilty. The magistrate, therefore, can only commit the accused for appearance before the grand jury, subject to bail under certain circumstances, or discharge him. That hearing is primarily for the benefit of the accused, insuring him against being committed for action by the grand jury on charges which are groundless. Criminal Procedure from Arrest to Appeal, Orfield, page 67. There is no reason why the accused should be required to enter a plea at that hearing. Hochheimer, Criminal Law, 2d Ed., Section 72; Smith v. State, 210 Md. 440, 443, 124 A.2d 839."

An accused is not required to plead when brought before a magistrate, and any plea actually entered by him, under White, may not be later used by the State to his detriment. The Tenth Circuit has recently reaffirmed that a state's denial of counsel at a preliminary hear-

6. Some members of the Supreme Court view interrogations conducted by police authorities prior to trial as a critical stage and would further extend the right to counsel to such interrogations. See Culombe v. Connecticut, 367 U.S. 568, 637, 81 S.Ct. 1860, 6 L.Ed.2d 1037 (1961) (concurring opinion); Crooker v. California, 357 U.S. 433, 441, 78 S.Ct. 1287, 2 L.Ed.2d 1448 (1958) (dissenting opinion); Ashdown v. Utah, 357 U.S. 426, 431, 78 S.Ct. 1354, 2 L.Ed.2d 1443 (1958) (dissenting opinion); Spano v. New York, 360 U.S. 315, 324, 79 S.Ct. 1202, 3 L.Ed.2d 1265 (1959) (concurring opinion). Thus, far, however, the majority

remains unpersuaded. Cicenia v. LaGay, 357 U.S. 504, 78 S.Ct. 1297, 2 L.Ed.2d 1523 (1958); Crooker v. California, 357 U.S. 433, 78 S.Ct. 1287, 2 L.Ed.2d 1448 (1958). See also Spano v. New York, 360 U.S. 315, 79 S.Ct. 1202, 3 L.Ed.2d 1265 (1959).

7. The Attorney General of Maryland has expressed the view that the right to cross-examine the State's witnesses at the preliminary hearing is a fundamental right guaranteed an accused by the Maryland Declaration of Rights. Opinions of the Attorney General of Maryland. No. 137, Vol. 34 (1949).

ing does not violate the due process clause of the fourteenth amendment. Latham v. Crouse, 320 F.2d 120 (10 Cir. 1963); State of Utah v. Sullivan, 227 F. 2d 511 (10 Cir.1955), cert denied, Braasch v. State, 350 U.S. 973, 76 S.Ct. 449, 100 L.Ed. 844 (1956).

Moreover, Maryland provides alternative methods of gaining the information sought by DeToro through cross-examination at the preliminary hearing. The State provides for the deposition of witnesses unable to attend a trial or hearing,[8] for the production and inspection by the accused of material seized by the State from him or others,[9] and for furnishing a list of the names and addresses of witnesses to be called by the State to prove its case in chief.[10] These procedures are no more restrictive than those afforded the accused in the federal system, and in some ways more liberal.[11] It appears, therefore, that DeToro had other means available whereby he could have obtained that which he claims he would have preferred to have gained through cross-examination. In view of the existence of these alternatives, we are constrained to hold that an accused would not be likely to suffer an actual as distinguished from a theoretical prejudice at his later trial. The authorities cited do not support DeToro's contention, nor are we able to find authority which would permit a holding that Maryland has denied DeToro rights secured him under the Constitution. See the concluding remarks of Mr. Justice Black in Griffin v. Illinois, supra, at 20, 76 S.Ct. 585, regarding the right of states to furnish alternative procedures for indigents in criminal cases.

We must also recognize that persons to be tried in the federal courts have been denied the assistance of appointed counsel at their preliminary hearings before United States Commissioners. Headen v. United States, 115 U.S.App.D.C. 81, 317 F.2d 145 (D.C.Cir.1963); Council v. Clemmer, 85 U.S.App.D.C. 74, 177 F.2d 22 (D.C.Cir.), cert. denied, 338 U.S. 880, 70 S.Ct. 150, 94 L.Ed. 540 (1949); Burall v. Johnson, 146 F.2d 230 (9 Cir.1944), cert. denied, 325 U.S. 887, 65 S.Ct. 1567, 89 L.Ed. 2001 (1945). These cases echo the view of the Advisory Committee that Rule 44 of the Federal Rules of Criminal Procedure, requiring that a defendant in the federal courts has the right of counsel at "every stage of the proceeding," does not require that counsel be furnished for a preliminary hearing. The Committee has said that:

> "The rule is intended to indicate that the right of the defendant to have counsel assigned by the court relates only to proceedings in court and, therefore, does not include preliminary proceedings before a committing magistrate.[12]

Thus, taking cognizance of the prevailing federal practice and of the discovery alternatives afforded an accused under Maryland law we cannot, under the present status of the law, hold that DeToro has here been deprived of his sixth amendment rights. The problem here is basically one of reform of criminal procedure to expand the right to counsel and to eliminate surprise and technicali-

---

8. Md.Ann.Code, Rule 727 § a(1) (1957).

9. Md.Ann.Code, Rule 728 § a(1) (1957).

10. Md.Ann.Code, Rule 728 § a(3) (1957).

11. Compare Rules 7(f), 15(a), 16, and 17(c), Fed.R.Crim.P. Only in capital cases do the Federal Rules provide for furnishing an accused with the names of witnesses the Government intends to produce at the trial. 62 Stat. 831, 18 U.S. C.A. § 3432 (1948).

12. However, in December 1962, the Advisory Committee recommended that an accused have the right to have counsel appointed for the preliminary hearing. This recommendation has not, as yet, been incorporated into the rules. See Beaney, Right to Counsel Before Arraignment, 45 Minn.L.Rev. 771, 781 (1961), who views the appointment of counsel at the preliminary hearing as "the minimum protection" that should be afforded an accused.

ties by affording all accused persons the more liberal discovery procedures that are presently available in civil cases.[13]

Affirmed.

13. See the remarks of Mr. Justice Brennan and others on the advisability of more liberal criminal discovery procedures in Symposium on Discovery in Federal Criminal Cases, 33 F.R.D. 47 (1963).