Robert Joseph **SPRIGGS**, Petitioner,

v.

**STATE OF NORTH CAROLINA,**
**Respondent.**

No. C-72-G-65.

United States District Court
M. D. North Carolina,
Greensboro Division.

July 9, 1965.

No appearance for appellant.

Theodore C. Brown, Jr., Staff Atty., N. C., Dept. of Justice, Raleigh, N. C., for respondent.

GORDON, District Judge.

The petitioner, Robert Joseph Spriggs, a prisoner of the State of North Carolina, hereinafter referred to as petitioner, has filed with this Court a petition for a writ of habeas corpus, and accompanied same with an affidavit of poverty. An order has heretofore been entered permitting the petition to be filed without the prepayment of costs or fees, or security therefor. Petitioner contends that he was denied due process of law in that

he was denied the assistance of counsel and right to subpoena witnesses at his original trial; that after notice of appeal from his original trial, bail which was set was excessive; that he was not tried on an indictment or warrant at his original trial; and that he was incarcerated six and a half months from the time of his original trial until the case was tried *de novo* on appeal. The Court denies the relief requested by petitioner for reasons hereinafter set forth.

■ The Court in the exercise of its discretion decides the merits of the petitioner's contentions without a plenary hearing. If the Court is satisfied that the allegations of the petition do not state facts sufficient to merit relief, it may in its discretion deny a plenary hearing and determine the questions involved summarily. McCoy v. Tucker, 4 Cir., 259 F.2d 714 (1958).

Petitioner was tried in Mecklenburg County Recorder's Court on charges of worthless checks in February, 1964. Upon a plea of not guilty, he was found guilty by the court sitting without a jury. Petitioner gave notice of appeal. Petitioner alleges that he was indigent and counsel was not appointed for him, and he was tried without a warrant or indictment in the Mecklenburg County Recorder's Court. Subsequently, according to petitioner's allegations, the judge of the Recorder's Court set bond at $2,500.00 which was excessive, and even though bond was set, petitioner was not allowed to make it.

Petitioner remained incarcerated for approximately six and a half months, and after appointment of counsel, his case on appeal came on for hearing *de novo* at the August 3 Regular Term of Superior Court of Mecklenburg County in 1964. Petitioner entered a plea of nolo contendere which was accepted by the court, and petitioner was sentenced to imprisonment for a period of not less than 18 months and no more than 24 months. Imposition of sentence for other offenses concerning worthless checks was conditionally suspended for five years.

■ The Court in its order to show cause directed the Attorney General of North Carolina to file a return to said order on or before May 24, 1965. The return was filed on May 25, 1965; whereupon, petitioner filed a motion to dismiss the return. The Court denies the petitioner's motion so that the Court might consider all material submitted to it in the proper disposition of the matters involved herein. It is pointed out that for purposes of appeal, the record must contain the return of the party who imprisons the petitioner in order for the record to be complete or the case may be remanded to the District Court. Brooks v. Anderson, 115 U.S.App.D.C. 116, 317 F.2d 179 (1963).

The petitioner alleges that he has been denied due process of law as guaranteed under the Constitution in that, first, he was tried in the Mecklenburg County Recorder's Court without benefit of counsel or right to subpoena witnesses on his behalf; second, that he was tried in said court without indictment or warrant; third, while petitioner was awaiting a trial *de novo* of his case on appeal to the Superior Court of Mecklenburg County, he was held under bail which was excessive and also denied the opportunity to make said bail; and fourth, he was continually incarcerated for approximately six and one-half months between the hearing of his case in the Recorder's Court and the Superior Court.

■ In regard to the petitioner's first contention, it is held that an indigent criminal defendant is entitled to the appointment and benefit of counsel at the "critical" stages of the proceedings. Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961); White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963); DeToro v. Pepersack, 4 Cir., 332 F.2d 341 (1964); Annotation, Accused's Right to Counsel Under the Federal Constitution-Supreme Court cases, 9 L.Ed.2d 1260. In determination of whether the trial of the petitioner in the Mecklenburg County Recorder's Court was a critical stage of the proceedings, the Court makes

reference to N. C. General Statute, Article 15, Section 177.1 which provides:

"In all cases of appeal to the superior court in a criminal action from a justice of the peace or other inferior court, the defendant shall be entitled to a trial anew and de novo by a jury, without prejudice from the former proceedings of the court below, irrespective of the plea entered or the judgment pronounced thereon."

In State v. Meadows, 234 N.C. 657, 68 S.E.2d 406, 408, Judge Ervin said in construing the above statute:

"(W)henever the accused in a criminal action appeals to the superior court from an inferior court, the action is to be tried anew from the beginning to the end in the superior court on both the law and the facts, without regard to the plea, the trial, the verdict, or the judgment in the inferior court. * * * Since the trial in the superior court is without regard to the proceedings in the inferior court, the judge of the superior court is necessarily required to enter his own independent judgment."

It is admitted by the State of North Carolina that petitioner was tried in the Recorder's Court without benefit of appointed counsel; however, the Court is of the opinion that the petitioner was not denied due process of law in that he was given a trial de novo in the Superior Court with the benefit of appointed counsel. Petitioner was not prejudiced by the fact that he had no counsel in the Recorder's Court as he waived no defenses or any other rights in his appeal to the Superior Court, and he was tried in the Superior Court as if his case were originally brought before it. The Court finds that in this case the proceedings in the Recorder's Court was not a critical stage; therefore, petitioner was not entitled to the appointment of counsel. As stated by Judge Bell in DeToro v. Pepersack, supra, 332 F.2d 343, 344:

"Thus, the thrust of Powell's admonition that an accused has a right to counsel 'at every step in the proceedings against him,' as borne out by subsequent decisions, including Hamilton and White, seems to be that if the effectiveness of legal assistance ultimately furnished by an accused is likely to be prejudiced by its prior denial, the earlier period may be deemed a critical stage in the judicial process and a conviction obtained in such circumstances is rendered invalid. We find nothing in the Supreme Court decisions, however, that would permit us to extend the duty of the State to appoint counsel in proceedings where even the likelihood of later prejudice arising from the failure to appoint is absent."

In regard to the denial of the right to subpoena witnesses in behalf of the petitioner, the Court finds that on trial de novo in the Superior Court, this alleged error was cured as petitioner then had the opportunity to subpoena such witnesses as he desired; however, he entered a plea of nolo contendere. In such case under North Carolina practice, a plea of nolo contendere alone is sufficient to support a judgment and sentence, and there is no necessity for the taking of any evidence whatsoever. Ritchie v. State of North Carolina, 220 F.Supp. 374 (W.D.N.C.1963).

Petitioner's second contention is that he was tried without an indictment or warrant in the Recorder's Court and subsequently in the Superior Court. In North Carolina appeals to the Superior Court from inferior courts, a defendant may be tried on the original warrant issued in the inferior court, but only after a defendant has been tried and convicted on the original warrant in the inferior court. State v. Doughtie, 238 N.C. 228, 77 S.E.2d 642 (1953); State v. Johnson, 251 N.C. 339, 111 S.E.2d 297 (1959). Therefore, petitioner may attack the jurisdiction of the Superior Court by attacking the absence of the original warrant. However, the Court finds that the petitioner was tried on a warrant issued and dated prior to the

proceedings in the Recorder's Court. Copies of the warrants were attached to respondent's Answer to Petition and Motion to Dismiss as well as petitioner's Reply to the Motion to Dismiss. Certification by the Clerk of the Superior Court of Mecklenburg County that these were true copies was also attached. As the Court must consider all motions, briefs, and exhibits submitted before it, the Court takes notice of the certified copies of the warrants and finds that petitioner was tried in the Recorder's Court and the Superior Court on warrants thereby guaranteeing his constitutional rights to such.

As to petitioner's allegation concerning excessive bail and denial of the opportunity to make it once it was set, the Court finds that petitioner has not been denied due process of law. It is submitted that habeas corpus is a proper remedy for a defendant when he has been charged with a crime and excessive bail has been set. The Court, upon application, may reduce it to a reasonable amount and release the accused on bail so reduced. United States ex rel. Rubinstein v. Mulcahy, 2 Cir., 155 F.2d 1002 (1946). However, the petitioner now seeks relief after his conviction and sentence. In such a case, the petitioner has waived his right to question the excessiveness of the amount of bail, and such allegation raises questions concerning a detention prior to that from which he is presently seeking release. Brown v. Robbins, 122 F.Supp. 229 (S.D.Me.1954). Therefore, the fact that bail may have been excessive and that it was denied petitioner after being set prior to his conviction and sentence in the Superior Court in no way affects petitioner's present detention and there has been no denial of due process of law. Petitioner's proper remedy would have been to seek relief through habeas corpus prior to his trial *de novo* in the Superior Court.

The last allegation of the petitioner states that he was incarcerated approximately six and one-half months between his trial in the Recorder's Court and that in the Superior Court. Petitioner does not so expressly state, but the Court considers this allegation to mean that he was denied the right to a speedy trial. Even so, the Court finds no error due to the fact that petitioner fails to allege in his application for habeas corpus how he was prejudiced by such alleged denial and also fails to allege that he requested an earlier trial while awaiting trial in the Superior Court. Failure to allege these two items in his application is fatal to relief in a habeas corpus proceeding. Williams v. Steiner, 213 F. Supp. 600 (D.C.Md.1963); Kirby v. Warden, Maryland Penitentiary, 4 Cir., 261 F.2d 345, cert. den. 359 U.S. 938, 79 S.Ct. 654, 3 L.Ed.2d 639 (1958).

The Court finds that petitioner has not been denied his constitutional rights; therefore, the relief sought is denied.