Gerardo DELGADO, Warden, Respondent, Appellant,

v.

Leoncio PAGAN CANCEL, Petitioner, Appellee.

No. 6615.

United States Court of Appeals First Circuit.

Heard Feb. 7, 1966.

Decided July 8, 1966.

erned and was to be retrospectively applied. In the light of Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, (6/20/66), this ruling was error. We, accordingly, turn to the court's alternative ground, that the nature of petitioner's claim was of greater consequence, and beyond *Escobedo*.

On December 23, 1954 a man was beaten with a cudgel, from which beating he died the next day. The afternoon following, petitioner inquired whether the victim had died, and upon receiving an affirmative answer, went to the police station and said he wanted to give himself up. He was taken forthwith to a justice of the peace. Petitioner repeated that he wished to confess. The justice told him he need make no statement and that what he said could be used against him. Petitioner, nevertheless, confessed to the crime. This confession was introduced at the trial, and petitioner was found guilty.

This is not a post-*Escobedo* confession; nor had petitioner requested an attorney. He seems to have had only the single motive of unburdening himself. However, it is now his position that because this was a preliminary hearing he was constitutionally obliged to be furnished with counsel. This we must consider.

In Hamilton v. State of Alabama, 1961, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114, a defendant was arraigned on a charge of murder. No counsel was present. He pleaded not guilty, but was found guilty. In reversing his conviction the Court said that under Alabama law arraignment is a "critical stage" in a criminal proceeding. Certain pleas must be made then, or never. So must any attack upon the grand jury. To the state's answer that in this case no prejudice had been shown, the Court answered that such an inquiry was not open; "the degree of prejudice can never be known." 368 U.S. at 55, 82 S.Ct. at 159. Thereafter, in White v. State of Maryland, 1963, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193, the Court took certiorari "limited to the point of law raised in

Irene Curbelo, Asst. Sol. Gen., with whom J. B. Fernandez Badillo, Sol. Gen., was on brief, for appellant.

Santos P. Amadeo, Rio Piedras, P. R., with whom Julio Rodriguez, Jr., Richard Ramos Algarin, Santurce, Guillermo Bird Martinez and Jose Enrique Amadeo Navas, were on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

This is a petition for habeas corpus seeking to vacate a conviction by the Commonwealth of Puerto Rico on the ground of unconstitutional use of a confession. As one basis for its decision the district court, finding that at the time he confessed petitioner had not been supplied with counsel, held that Escobedo v. State of Illinois, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, gov-

Hamilton v. State of Alabama." In this case petitioner had been brought before a magistrate for a preliminary hearing. He was "arraigned," [1] and pleaded guilty. At this proceeding he had no counsel. Later he was formally arraigned, at which time he had counsel, and pleaded not guilty. At the ensuing trial his earlier guilty plea was introduced in evidence. In reversing his conviction the Court said, at p. 60, 83 S.Ct. at p. 1051,

"Whatever may be the normal function of the 'preliminary hearing' under Maryland law, it was in this case [2] as 'critical' a stage as arraignment under Alabama law. For petitioner entered a plea before the magistrate and that plea was taken at a time when he had no counsel.

"We repeat what we said in Hamilton v. [State of] Alabama, supra, [368 U.S.] at 55 [82 S.Ct. 157] that we do not stop to determine whether prejudice resulted: 'Only the presence of counsel could have enabled this accused to know all the defenses available to him and to plead intelligently.' "

█ In the case at bar the proceeding before the justice of the peace was for the purpose of determining probable cause to hold the defendant for trial. 34 L.P.R.A. § 76 (1956). While doubtless petitioner's statement served to facilitate a finding of probable cause, so it would have had it been made to the police, Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, (6/20/66), or to the district attorney, Escute v. Delgado, 1 Cir., 1960, 282 F.2d 335, cert. den. 365 U.S. 883, 81 S.Ct. 1033, 6 L.Ed.2d 193. No plea was provided for, or was made.

No condemnation has been applied, retrospectively, to such a situation. In speaking of White v. State of Maryland in Pointer v. State of Texas, 1965, 380

U.S. 400, 402, 85 S.Ct. 1065, 1067, 13 L.Ed.2d 923, the Court said,

"Since the preliminary hearing there, as in Hamilton v. State of Alabama, 368 U.S. 52, [82 S.Ct. 157, 7 L.Ed.2d 114], was one in which pleas to the charge could be made, we held in White as in Hamilton that a preliminary proceeding of that nature was so critical a stage in the prosecution that a defendant at that point was entitled to counsel. But the State informs us that at a Texas preliminary hearing such as is involved here, pleas of guilty or not guilty are not accepted and that the judge decides only whether the accused should be bound over to the grand jury and if so whether he should be admitted to bail."

The Court, describing this difference "significant," then decided the case on another ground. With this background we agree with respondent that where no plea was called for or made, and no prejudice was shown, White does not require compulsory furnishing of counsel. United States ex rel. Cooper v. Reincke, 2 Cir., 1964, 333 F.2d 608, cert. den. 379 U.S. 909, 85 S.Ct. 205, 13 L.Ed.2d 181; DeToro v. Pepersack, 4 Cir., 1964, 332 F.2d 341, cert. den. 379 U.S. 909, 85 S.Ct. 198, 13 L.Ed.2d 181.

Finally, it might be appropriate to quote from Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, (6/13/66),

"Confessions remain a proper element in law enforcement. Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence. * * * There is no requirement that police stop a person who enters a police station and states that he wishes to confess to a crime, or a person who calls the police to offer a confession or any other statement he desires to make. Volunteered statements of any kind

---

1. The Maryland practice relating to preliminary hearings permitted, but did not require the entry of a plea. Cf. Wood v. United States, 1942, 75 U.S.App.D.C.

274, 128 F.2d 265, 141 A.L.R. 1318, where the entry of a plea was obligatory.

2. For the relevance of this language, see Pointer v. State of Texas, infra.

are not barred by the Fifth Amendment and their admissibility is not affected by our holding today."

We are not, of course, talking of in-custody statements, post-*Miranda*.

Judgment will be entered vacating the judgment of the District Court, and remanding the action with instructions to discharge the writ and remand petitioner to custody.