UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

VICTOR RAMON LOVE,
*Defendant-Appellant.*

No. 00-4838

Appeal from the United States District Court
for the Eastern District of North Carolina, at Greenville.
Malcolm J. Howard, District Judge.
(CR-00-31-H)

Submitted: July 31, 2001

Decided: September 6, 2001

Before WILKINS, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Christopher F. Cowan, COWAN, NORTH & LAFRATTA, L.L.P., Richmond, Virginia, for Appellant. John Stuart Bruce, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Jennifer May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Victor Ramon Love appeals his conviction and sentence of seventy months imprisonment after a jury found him guilty of aiding and abetting armed bank robbery, conspiracy to commit bank robbery, and possession with intent to distribute heroin in violation of 18 U.S.C.A. § 2113(d) (West 2000), 18 U.S.C.A. § 371 (West 2000), and 21 U.S.C.A. § 841(a)(1) (West 1999). We affirm.

Love was arrested leaving the scene of a bank robbery in his automobile. James Crawford, the person who entered the bank and demanded money at gunpoint, was in the passenger seat of Love's car with the money from the bank and a gun in a woman's purse at his feet. During booking, Love volunteered that the heroin found in his pocket during a post-arrest search was not his and that he was holding it for Crawford. While Love contends that this statement should have been suppressed because he had not been apprised of his rights when he made it, we conclude the statement was not in response to custodial interrogation designed to elicit incriminating statements. Accordingly, the district court properly admitted the statement. *United States v. D'Anjou*, 16 F.3d 604, 608 (4th Cir. 1994); *United States v. Cooper*, 800 F.2d 412, 416 (4th Cir. 1986).

Love challenges the district court's admission of testimony by Love's cellmate when Love was informed of the Government's intention to use him as a witness only three days prior to trial. The court offered to make this witness available to Love's counsel prior to his testimony for the Government. Moreover, the Government was not legally obligated to provide the defense a witness list in this case. *DeToro v. Pepersack*, 332 F.2d 341, 245 n.11 (4th Cir. 1964).

The district court declined to give Love's proffered jury instruction addressing the reliability of witnesses with prior felony convictions.

However, a review of the instructions satisfies us that the general instructions on witness credibility were sufficient. *United States v. Kearney*, 560 F.2d 1358, 1365 (9th Cir. 1977); *United States v. Bambulas*, 471 F.2d 501, 505 (7th Cir. 1972).

Love made two Fed. R. Crim. P. 33 motions for a new trial. We review the denial of a motion for new trial for abuse of discretion. *United States v. Huggins*, 191 F.3d 532, 536 (4th Cir. 1999), *cert. denied*, 529 U.S. 1112 (2000). We affirm the denial of these motions on the reasoning of the district court. *See United States v. Love*, No. CR-00-31-H (E.D.N.C. Sept. 29, 2000).

Love claims there was insufficient evidence to support his conviction on any charge because the testimony of the Government's witnesses was incredible as a matter of law. "It is the jury's role to assess the credibility of witnesses and resolve conflicts in testimony." *United States v. Manbeck*, 744 F.2d 360, 392 (4th Cir. 1984). "A defendant challenging the sufficiency of the evidence to support his conviction faces a heavy burden." *United States v. Beidler*, 110 F.3d 1064, 1067 (4th Cir. 1997). Love's insistence that his testimony was more credible than the Government's witnesses does not meet this burden.

Love's challenge to his sentence enhancement for obstruction of justice will be overturned only if clearly erroneous. *United States v. Puckett*, 61 F.3d 1092 (4th Cir. 1995). The court's factual findings, however, were not clearly erroneous and therefore we affirm Love's sentence.

Finally, Love asserts he received ineffective assistance of counsel. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). To allow for adequate development of the record, the presumptive rule is that ineffective assistance of counsel claims must be pursued in a 28 U.S.C.A. § 2255 (West Supp. 2000) motion. *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). A review of this record does not conclusively establish ineffective assistance of counsel. Accordingly, Love's claim must be brought, if at all, in a collateral proceeding.

Accordingly, we affirm Love's convictions and sentence. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*